UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                        Case No. 25-CR-89

HANNAH C. DUGAN,

        Defendant.

## [PROPOSED] PROTECTIVE ORDER GOVERNING DISCOVERY

The United States of America, by its attorney, Richard G. Frohling, Acting United States Attorney, and defendant Hannah Dugan, by her attorneys, Steven M. Biskupic, Jason D. Luczak and Nicole M. Masnica, have jointly moved and stipulated to the use and disclosure of discovery materials. For the reasons stated therein, and for good cause shown, the court **APPROVES** the stipulation. Accordingly, the court **ORDERS** that:

    1.    All the materials provided by the United States in preparation for, or in connection with, any stage of the proceedings in this case (collectively, "the materials") are subject to this protective order.

    2.    The protective order does not limit the defendant or her counsel (defined as counsel of record in this case or other lawyers retained to consult on this case) from disclosing any information she already possessed that may also be included in the government's discovery. The defense may also host the government's discovery on e-discovery platforms or with other service providers, as necessary for review and analysis of the government's discovery.

3. The parties shall not disclose the materials directly or indirectly to any other person or entity other than those connected with the litigation of this matter.

4. The materials may be used by the defendant and her counsel solely in connection with the defense of this case, and for no other purpose, and in connection with no other proceeding, without further order of this Court.

5. The defendant and the defendant's counsel may only disclose the materials to those employed to assist in the defense, persons who are interviewed as potential witnesses, counsel for potential witnesses, and other persons to whom the Court may authorize disclosure (collectively, "authorized persons").

6. The defendant and her counsel shall not copy or reproduce the materials except to provide copies of the materials for use in connection with this case by the defendant and defendant's counsel. Such copies and reproductions shall be treated in the same manner as the original materials.

7. The defendant and her counsel, as well as authorized persons, shall not disclose any notes or records of any kind that they make in relation to the contents of the materials and all such notes or records are to be treated in the same manner as the original materials.

8. Before disclosing materials to an authorized person, defense counsel must provide the authorized person with a copy of this Order.

9. Upon conclusion of all stages of this case, all the materials and all copies made thereof shall be disposed of in one of three ways, unless otherwise ordered by the Court. The materials may be (1) destroyed; (2) returned to the United States; or (3) retained in defense counsel's case file. In the event the materials are retained by defense counsel, the restrictions of

this Order continue in effect for as long as the materials are so maintained, and the materials may not be disseminated or used in connection with any other matter without further order of the Court.

      10.      The restrictions set forth in this Order do not apply to materials that are or become part of the public court record, including documents that have been received in evidence at any motion or evidentiary hearings, trial, or filed as part of this case. Personal identifying information contained in any discovery material shall be redacted if the discovery material is filed with this Court. If it is necessary for the Court to review the personal identifying information contained within the discovery materials or a description thereof, such filing shall be made under seal.

      11.      Nothing contained in this Order shall preclude any party from applying to this Court for further relief or for modification of any provision hereof.

      SO ORDERED this _____ day of May, 2025.

 

_____
NANCY JOSEPH
United States Magistrate Judge

3

Case 2:25-cr-00089-LA    Filed 05/14/25    Page 3 of 3    Document 16-1