UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                    Case No. 25-CR-89 (LA)

HANNAH C. DUGAN,

    Defendant.

**RESPONSE TO MOTION FOR SUPPLEMENTAL JURY QUESTIONNAIRE**

The United States of America, by Acting United States Attorney Richard G. Frohling, responds to the defendant's motion for a supplemental jury questionnaire. (Dkt. 24.)

This case is currently referred to the magistrate court for the purpose of considering pretrial motions that raise an issue addressed by Rule 12(b)(3) of the Federal Rules of Criminal Procedure. CRIM. L.R. 12(b)(1). A motion for a supplemental jury questionnaire is not such an issue. Accordingly, the defendant's motion for a jury questionnaire is premature and, with respect, not for the magistrate court to consider, but rather for the district court to decide after the case is referred there.

The defendant nevertheless claims that it is necessary to address the content of a supplemental jury questionnaire "as soon as practicable" with an in-person hearing in order "to preserve her right to a speedy trial . . ." (Dkt. 24 at 2). The government shares the defendant's commitment to a speedy trial for both the defendant and the public. However, no time under the Speedy Trial Act has elapsed thus far. The 70-day speedy trial clock typically starts after the arraignment. 18 U.S.C. § 3161(c)(1). The defendant filed her motion to dismiss prior to the arraignment, so the time under the Speedy Trial Act was tolled before it began. 18 U.S.C. §§ 3161(h)(1)(D) & 3161(h)(1)(H).

The defendant's reply brief in support of her motion to dismiss is due on June 16, 2025. The speedy trial clock will continue to be tolled after the filing of the defendant's reply brief, for a period not to exceed thirty days, while the motion is under advisement by the magistrate court. 18 U.S.C. § 3161(h)(1)(H). If it is tolled for those thirty days, then the 70-day speedy trial clock will not begin until July 16, 2025, which would create a speedy trial date of September 23, 2025. More likely, the speedy trial date will be even later, since the parties will have an opportunity to object to the magistrate court's report and recommendation before the district court ultimately decides the motion to dismiss. FED. R. CRIM. P. 59(b); Gen. L.R. 72(c).

Because the trial is currently scheduled to begin on July 21, 2025, the government agrees with the defendant that a status hearing before the district judge is appropriate, which would allow the parties to at least clarify the timing of the trial while the magistrate court considers the defendant's motion to dismiss. The parties will reach out to the district court separately for that purpose.

Although her motion for a supplemental jury questionnaire is a matter for the trial judge, the government will briefly address its merits in case the magistrate court decides to consider it. District courts have broad discretion to control the nature and extent of the examination of potential jurors. FED. R. CRIM. P. 24; *United States v. Graves*, 418 F.3d 739, 743 (7th Cir. 2005). The Seventh Circuit has recognized that pretrial publicity may result in a heightened risk of jury bias, and as a result, has mandated a more thorough examination of the jurors in such a situation. *See, e.g., Fietzer v. Ford Motor Co.*, 622 F.2d 281, 284 (7th Cir. 1980) (finding district court's minimal *voir dire* inadequate in a case that involved some pretrial publicity). However, supplemental jury questionnaires that are not tailored to that purpose may inadvertently lead prospective jurors to believe the trial involves issues unrelated to the facts and law, or invite them to conduct preliminary research before the Court has the opportunity to admonish them to avoid any such research. *See United States v. Posey*, 2023 WL 3585620, at *2 (S.D. Ind. May 22, 2023).

The United States proposed to the defendant a supplemental jury questionnaire that strikes that balance. (Attachment A).[1] It would help identify any pretrial bias the publicity may have had on prospective jurors, while also not signaling to them that the trial will be about issues beyond the evidence and law. It also would allow prospective jurors to answer questions about the effect pretrial publicity may have had on their views outside the presence of the other jurors. The proposal the United States sent to the defendant was modeled after other supplemental jury instructions that the district has used when a case generated significant publicity prior to trial. *See, e.g., United States v. Bartlett, et al.*, 06-CR-272 (E.D. Wis. June 6, 2007).

The defendant's proposed questionnaire, on the contrary, suggests questions that have little to do with discerning the effect pretrial publicity may have had on prospective jurors. Instead, many of their proposed questions risk signaling to the jurors that the trial will be about issues unrelated to the evidence and law. Some of those inappropriate questions include asking prospective jurors' their political views, the religious and political organizations to which they belong,

---

[1] The attached questionnaire differs in one respect from the version previously proposed to the defense. Based on recent media coverage and the content of a website designed to solicit funds from the public to pay for the defendant's legal team, Question No. 10 was revised to list additional defense attorneys and to address whether potential jurors have had any contact with these fundraising efforts.

what television stations and websites they regularly visit, their hobbies, the stickers or placards they display on their laptop computers and water bottles, and other types of intrusive questions having nothing at all to do with whether the publicity about the case may have created a pretrial bias. Instead, the defendant's proposed questionnaire will signal to prospective jurors that the case is about issues unrelated to the evidence and law they will hear at trial.[2]

Accordingly, while the United States agrees with the defense that a supplemental jury questionnaire is appropriate, it requests that the Court, at the appropriate juncture, use the one the government has proposed in Attachment A rather than the one proposed by the defense.

Respectfully submitted on June 9, 2025.

/s/ Richard G. Frohling
Acting United States Attorney
State Bar No.: 1021952
Email: richard.frohling@usdoj.gov

/s/ Keith Alexander
Criminal Division Chief
State Bar No.: 1053000
Email: keith.alexander@usdoj.gov

/s/ Kelly B. Watzka

---

[2] The defendant's proposed questionnaire also is much longer than what historically has been permitted in this district. *See United States v. Hamzeh*, 16-CR-21 (E.D. Wis. Aug. 22, 2019) (Pepper, J.) (noting that the clerk's office limits the length of a jury questionnaire to six pages, including the cover letter and signature block).

5

Deputy Criminal Division Chief
State Bar No.: 1023186
Email: kelly.watzka@usdoj.gov

/s/ Timothy W. Funnell
Green Bay Branch Chief
State Bar No.: 1022716
Email: tim.funnell@usdoj.gov

/s/ Jonathan H. Koenig
Appellate Co-Chief
State Bar No.: 1045517
Email: jonathan.h.koenig@usdoj.gov

Attorneys for Plaintiff
Office of the United States Attorney
517 East Wisconsin Avenue, Rm. 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738