UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,
    *Plaintiff*,

v.

HANNAH C. DUGAN,
    *Defendant.*

Case No. 2:25-CR-89

**[Proposed]**
**BRIEF OF AMICUS CURIAE**
**CENTER FOR AMERICAN RIGHTS**
**IN SUPPORT OF THE UNITED STATES**
**AGAINST DEFENDANT'S MOTION TO DISMISS**

Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, Illinois 60614

**TABLE OF CONTENTS**

Interest of Amicus Curiae ............................................................................................4
Introduction and Summary of the Argument.................................................................5
Argument ......................................................................................................................6
    I. Judicial Immunity does not shield defendant's alleged conduct ..........................6
    II. The Prosecution Respects the Tenth Amendment and Federalism .....................8
Conclusion...................................................................................................................10

**TABLE OF AUTHORITIES**

**Cases**

*Bradley v. Fisher*, 80 U.S. 335 (1871)......................................................................6
*Ex Parte Virginia*, 100 U.S. 339 (1879)....................................................................6
*In re Kendall,* 712 F.3d 814 (3d Cir. 2013) ............................................................6, 7
*Mireles v. Waco*, 502 U.S. 9 (1991) .........................................................................6
*Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453 (2018) .................................9
*New York v. United States*, 505 U.S. 144 (1992) ......................................................9
*Printz v. United States*, 521 U.S. 898 (1997) .........................................................8, 9
*United States v. Gillock*, 445 U.S. 360 (1980) ..........................................................9
*United States v. Joseph*, 26 F.4th 528 (1st Cir. 2022) ................................. 5, 7, 9, 10
*United States v. Richmond Joseph*, 2020 WL 4288425, 2020 U.S. Dist. LEXIS
    132387 (D. Mass. July 27, 2020)................................................................ 5, 6, 9

**Constitutional Provisions**

U.S. Const. amend. X............................................................................... 5, 8, 9, 10

**INTEREST OF AMICUS CURIAE**

The Center for American Rights is a Chicago-based non-profit, non-partisan, public-interest law firm focused on media integrity, education freedom, and government accountability. The Center frequently submits amicus briefs in federal courts on issues core to its mission. *See, e.g., Catholic Charities Bureau v. Wisconsin Labor & Industry Review Comm'n*, S. Ct. No. 24-154; *Kelsey v. United States*, S. Ct. No. 24-590; *Associated Press v. Budowich*, No. 1:25-cv-00532 (D.D.C.); *Trump v. Selzer*, No. 4:24-cv-00449-RGE-WPK (S.D. Ia.). In this instance, the Center has a particular interest in the Dugan case because of its belief in government accountability and the need for citizens' vigilance against the abuse of power.

No counsel for any party authored this brief in whole or in part, and no person or entity other than the Institute or its counsel made a monetary contribution to its preparation or submission.

The Center gratefully acknowledges the research and drafting assistance of Kevin M. Zielinkski, Southern Illinois University Simmons Law School Class of 2025, who helped on this brief when not studying for his July bar exam.

## INTRODUCTION AND SUMMARY OF ARGUMENT

This indictment does not "break[] new ground." Dugan Br. at 35. Far from it, actually. These same basic facts played out approximately seven years ago in a state trial courthouse in Newton, Massachusetts, where a sitting state judge allegedly facilitated the attempted escape of an illegal alien from her courtroom to avoid a federal ICE officer stationed just outside. The United States brought charges, the U.S. District Court for the District of Massachusetts rendered a thoughtful, thorough opinion denying a motion to dismiss brought on virtually these exact same grounds, and the U.S. Court of Appeals for the First Circuit denied an attempted interlocutory appeal, also rejecting the substance of several arguments in the process. *See United States v. Richmond Joseph*, 2020 WL 4288425, 2020 U.S. Dist. LEXIS 132387 (D. Mass. July 27, 2020), *aff'd for lack of jurisdiction*, 26 F.4th 528 (1st Cir. 2022). *See also* Dugan Br. at 21, n.10 (discussing Joseph case). Thus, far from "unprecedented," these charges have an exact on-point precedent that provides a clear path for this Court's resolution of the motion to dismiss.

Using the *Richmond Joseph* decision as its prism, this brief urges this Court to deny the motion. As in *Richmond Joseph*, the law does not support the motion on judicial immunity or the Tenth Amendment and federalism.

**ARGUMENT**

## I. Judicial immunity does not shield Defendant's alleged conduct.

The Defendant argues that judicial immunity bars this criminal prosecution, asserting that her actions were within her judicial capacity. *See* Dugan Br. at 5-11. This defense fails because the alleged conduct exceeds judicial functions, and immunity does not categorically preclude criminal liability.

Judicial immunity protects judges from liability for acts performed in their judicial capacity, even if erroneous. *Bradley v. Fisher*, 80 U.S. 335, 347 (1871). However, it does not extend to non-judicial acts or those exceeding a judge's authority. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). The indictment alleges that the Defendant:

- Confronted ICE agents, falsely claiming they needed a judicial warrant;
- Ordered the agents to leave a public hallway outside her courtroom; and
- Directed the defendant, E.F.R., to exit through a non-public jury door to evade arrest.

*See* Dugan Br. at 4. These actions—deceiving federal agents and facilitating escape from an arrest warrant—are not judicial functions like issuing rulings or managing court proceedings. *See Richmond Joseph*, 2020 WL 4288425, at *3. Defendant's claim that she was controlling her courtroom (*see* Dugan Br. at 15-20; *see also* Former Judges Amici Br. at 5-7) does not encompass extrajudicial interference with federal law enforcement.

Judge Leo T. Sorokin of the District of Massachusetts, sitting on the *Richmond Joseph* case, correctly denied the motion to dismiss based on an assertion of judicial immunity. He reasoned that such immunity "would apply only where 'judicial acts

performed within a judge's jurisdiction' are concerned." 2020 U.S. Dist. LEXIS 132387 at *7 (quoting in part from *In re Kendall*, 712 F.3d 814, 833-37 (3d Cir. 2013) (Roth, J., concurring)). The Supreme Court has recognized that judges are "not <u>absolutely</u> immune from criminal liability" for corrupt acts. *Id.* at *8 (quoting *Mireles*, 502 U.S. at 9 n.1, emphasis added by Judge Sorokin); *see Ex Parte Virginia*, 100 U.S. 339, 348-49 (1879) (no immunity for ultra vires acts). Moreover, Judge Sorokin continued, "any such immunity, if it exists, would never shield 'corruption or bribery.'" *Id.* (quoting in part from *In re Kendall*, 712 F.3d at 834). Whether Judge Dugan, like Judge Richmond Joseph, acted corruptly here is a matter of disputed fact that requires a jury determination. As Judge Sorokin noted, such an endeavor "is not within this Court's province on a motion to dismiss to determine whether judicial immunity, even if its reach encompasses criminal liability, provides a viable shelter for Joseph in the circumstances alleged here." *Id.*

The First Circuit, asked to review his decision on an attempted interlocutory appeal, confronted Judge Richmond Joseph's argument that her claim for judicial immunity also functioned as a shield against not only conviction but prosecution itself. 26 F.4th at 533. The First Circuit rejected an interlocutory appeal on this ground, finding that only immunities guaranteed explicitly in the Constitution or statute provide such a basis. *Id.*

Thus, the Amici Former Judges are wrong to claim that "[t]he federal government's prosecution of Wisconsin Circuit Court Judge Hannah C. Dugan, if permitted, threatens to undermine centuries of precedent on judicial immunity . . ."

7

Amici Br. at 2. Actually, granting the motion would undermine a recent, on-point precedent. The Former Judges warn further that prosecuting the Defendant will chill judicial independence by forcing judges to prioritize federal law enforcement, citing a "specter of prosecution" for courtroom management decisions. Amici Br. at 8-10. Recent history shows the opposite: Richmond Joseph was first charged in April 2019, and her motion to dismiss was denied in July 2020, and the District of Massachusetts's decision has not destabilized judicial independence or democracy.

## II. The prosecution respects the Tenth Amendment and federalism.

The Defendant contends that this prosecution violates the Tenth Amendment by commandeering state officials and offends federalism by intruding on state judicial autonomy. *See* Dugan Br. at 23-31. These arguments mischaracterize the indictment and federal authority.

True enough: the federal government cannot compel state officials to enforce federal law. *Printz v. United States*, 521 U.S. 898, 935 (1997). The Defendant argues that prosecuting her for not assisting ICE forces state judges to aid federal immigration enforcement. Dugan Br. at 26-27. But this prosecution targets alleged affirmative obstruction—expelling ICE agents and aiding E.F.R.'s escape—not inaction. *See id.* at 4. In *Printz*, the Court struck down a mandate requiring state officers to perform federal background checks. 521 U.S. at 933-35. Here, the United States seeks accountability for interfering with federal law enforcement, not compelled cooperation. Whether the United States is right (affirmative interference) or the Defendant is right (passive non-assistance) in how each characterizes what

8
Case 2:25-cr-00089-LA-NJ    Filed 06/09/25    Page 8 of 11    Document 32-1

happened is a question of fact. As the First Circuit said of Judge Richmond Joseph, "this argument seems to undercut the defendants' claim that a court can adjudicate their defenses without considering facts contrary to those alleged in the indictment . . . [W]e are not convinced that the defendants' Tenth Amendment theory is completely separate from the merits of the charges against them." *Joseph*, 26 F.4th at 534 (internal quotation marks omitted).

Judge Sorokin reached the same conclusion below in *Richmond Joseph*, denying the motion to dismiss on Tenth Amendment grounds because (as here) "the defendants' constitutional arguments require the assessment of disputed facts, characterizations of the events underlying the Indictment, or other evidentiary analysis. Such fact-laden determinations are outside the scope of a motion to dismiss." 2020 U.S. Dist. LEXIS 132387 at *10.

The Former Judges argue that this prosecution violates the Tenth Amendment's anti-commandeering doctrine by coercing state judges to facilitate federal immigration enforcement, citing *Murphy v. Nat'l Collegiate Athletic Ass'n*, 584 U.S. 453, 474 (2018), and *New York v. United States*, 505 U.S. 144, 176 (1992). Former Judges Br. at 17-20. This misapplies the doctrine. Unlike *Murphy* or *Printz*, which involved federal mandates compelling state action, this case addresses Defendant's alleged active obstruction, not a refusal to cooperate. *Joseph*, 26 F.4th at 534-35. The Former Judges' claim that prosecuting the Defendant commandeers state courthouses ignores that the indictment targets individual misconduct, not state policy. *See United States v. Gillock*, 445 U.S. 360, 370-73 (1980) (federal

prosecution of state official does not violate federalism). The prosecution respects Wisconsin's sovereignty by enforcing federal law without dictating state judicial administration.

The Former Judges characterize the need for a robust interpretation of judicial immunity and the Tenth Amendment to protect judicial independence from a message that affirmative judicial cooperation with federal law enforcement is required. The First Circuit similarly "acknowledge[d] the related twist on the commandeering argument emphasized by amici: that this prosecution will chill other judges from refusing to assist federal officials. But the facts alleged here -- affirmative acts of deception and violations of several state policies -- are largely sui generis." *Joseph*, 26 F.4th at 535. Just so.

## CONCLUSION

This prosecution is not "unprecedented." Judge Sorokin of the U.S. District Court for the District of Massachusetts denied a motion to dismiss based on the same basic arguments in an indictment based on the same basic facts, and the First Circuit turned aside an attempted interlocutory appeal in an opinion sympathetic to Judge Sorokin's decision. This Court should follow his thoughtful analysis, deny the motion to dismiss, and defer resolution of these controverted questions until a jury has found facts to determine whether Judge Dugan proactively, affirmatively obstructed federal law enforcement.

Respectfully submitted,

/s/ Daniel R. Suhr
Daniel R. Suhr
Center for American Rights
1341 W. Fullerton Ave., Suite 170
Chicago, IL 60614
Wis. Bar No. 1056658

Dated: June 9, 2025