UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *v.*                                      Case No. 25-CR-0089-LA

HANNAH C. DUGAN,

    *Defendant.*

---

## DEFENDANT'S REPLY BRIEF IN SUPPORT OF
## MOTION FOR SUPPLEMENTAL JURY QUESTIONNAIRE

---

The Court should accept Judge Dugan's proposed jury questionnaire. ECF 24-1. The parties agree that a questionnaire is necessary, but they disagree as to specifics, including as to timing, length, and content. *See* ECF 30 (government's response).

**Timing.** Judge Dugan's motion is not premature. Trial is currently scheduled for July 21, 2025. The parties' disagreements with the questionnaire need to be resolved with sufficient time for the questionnaire to be sent out. Rule 12 allows a party to "raise by pretrial motion any . . . request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(a)(1). This is a request that can be resolved without a trial. Local Rule 12(b)(1) requires Rule 12(b)(3) motions to be made 20 days after arraignment or in accordance with a scheduling order. But it places no limits on Rule 12(a)(1) motions.

**Length.** Judge Dugan's proposed questionnaire is not too long. The government notes a 2016 case in which Judge Pepper said the clerk's office limits the length of jury questionnaires to six pages. ECF 30 at 5 n.2, citing *United States v. Hamzeh*, 16-CR-21 (E.D. Wis. Aug. 22, 2019) (Pepper, J.). Your undersigned has called the Clerk of Court's office, and they said there is currently no page limit for supplemental jury questionnaires; they will do as the Court instructs them. Bradley Decl. ¶ 2-3. In any event, if length is an issue, attached is a version of Judge Dugan's proposed questionnaire condensed to six pages. *See* Ex. B.

**Content.** Judge Dugan's proposed questionnaire discusses important, appropriate topics. There are two disagreements here.

First, Judge Dugan proposes not asking questions in the questionnaire that will cause individuals to identify this specific case. The government takes the opposite approach. ECF 30 at 4. The questionnaire should leave the specifics of the case for trial. Specifically, the questionnaire should ask about other topics so that at *voir dire*, the Court and parties can focus on pretrial publicity. Explicitly including information identifying this case or putting specific questions about the case in the questionnaire certainly will cause some potential jurors to look up detailed information about the case that is widely available online. And, given that there is likely going to be a period of time between when the potential jurors fill out the supplemental questionnaire and when the jurors come for *voir dire*, any

questionnaire that ask about pretrial publicity would likely have to be re-asked anyway.

Second, Judge Dugan's proposed questions about politics and religion are necessary to ensure her right to a jury free of prejudice. *Gomez v. United States*, 490 U.S. 858, 873 (1989). To that end, the questions are not required to ask *directly* about bias; they may be indirect. "Some questions may appear tangential to the trial but are actually so integral to the citizen juror's view of the case, especially one with publicly controversial issues, that they must be explored." *United States v. Dellinger*, 472 F.2d 340, 368 (7th Cir. 1972).

The worry about prejudice or jury bias in this case concerns views on immigration. A potential juror's religious views may lead them to have moral beliefs related to immigration. A potential juror's political views may cause them to have entrenched views as to the issue of illegal immigration and when and where immigration laws should be enforced. Judge Dugan has a right to learn, directly or indirectly, the potential juror's political and religious views on immigration. Questions about politics are proper if they are relevant to bias in the case. *Oswald v. Bertrand*, 249 F. Supp. 2d 1078, 1091 (E.D. Wis. 2003) (Adelman, J.), quoting parenthetically *Connors v. United States*, 158 U.S. 408, 415 (1895), *aff'd*, 374 F.3d 475 (7th Cir. 2004).

Dated at Madison, Wisconsin, June 16, 2025.

Respectfully submitted,

HON. HANNAH C. DUGAN, *Defendant*

_/s/ John H. Bradley_____
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
Dean A. Strang
Wisconsin Bar No. 1009868

STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
Dean@StrangBradley.com
John@StrangBradley.com
Rick@StrangBradley.com
William@StrangBradley.com

_/s/ Steven M. Biskupic_____
Steven M. Biskupic
Wisconsin Bar No. 1018217

STEVEN BISKUPIC LAW OFFICE, LLC
P.O. Box 456
Thiensville, Wisconsin 53092
bisklaw@outlook.com

_/s/ Jason D. Luczak_____
Jason D. Luczak
Wisconsin Bar No. 1070883
Nicole M. Masnica
Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
Telephone: 414/271-1440