UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                       Plaintiff,

    v.                                            Case No. 25-CR-89 (LA)

HANNAH C. DUGAN,

                       Defendant.

## GOVERNMENT'S PROPOSED JURY INSTRUCTIONS

The United States respectfully proposes the following jury instructions be used in this matter.

Respectfully submitted, on November 7, 2025.

/s/ Richard G. Frohling
Acting United States Attorney
State Bar No.: 1021952
Email: richard.frohling@usdoj.gov

/s/ Keith Alexander
Criminal Division Chief
State Bar No.: 1053000
Email: keith.alexander@usdoj.gov

/s/ Kelly B. Watzka
Deputy Criminal Division Chief
State Bar No.: 1023186
Email: kelly.watzka@usdoj.gov

Attorneys for Plaintiff
Office of the United States Attorney
517 East Wisconsin Avenue, Rm. 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700

## 1.01 FUNCTIONS OF COURT AND JURY

Members of the jury, I will now instruct you on the law that you must follow in deciding this case. I will also give you a copy of these instructions to use in the jury room. You must follow all of my instructions about the law, even if you disagree with them. This includes the instructions I gave you before the trial, any instructions I gave you during the trial, and the instructions I am giving you now.

As jurors, you have two duties. Your first duty is to decide the facts from the evidence that you saw and heard here in court. This is your job, not my job or anyone else's job.

Your second duty is to take the law as I give it to you, apply it to the facts, and decide if the government has proved the defendant guilty beyond a reasonable doubt.

You must perform these duties fairly and impartially. Do not let sympathy, prejudice, fear, or public opinion influence you. In addition, do not let any person's race, color, religion, national ancestry, or gender influence you.

You must not take anything I said or did during the trial as indicating that I have an opinion about the evidence or about what I think your verdict should be.

## 1.02 THE CHARGES

The charges against the defendant are in a document called an indictment. You will have a copy of the indictment during your deliberations.

The indictment in this case charges that the defendant committed the crimes of: (1) concealing an individual for whom an administrative arrest warrant had been issued; and (2) endeavoring to influence, obstruct, or impede federal agency proceedings. The defendant has pled not guilty to the charges.

The indictment is simply the formal way of telling the defendant what crimes she is accused of committing. It is not evidence that the defendant is guilty. It does not even raise a suspicion of guilt.

## 1.03 PRESUMPTION OF INNOCENCE/BURDEN OF PROOF

The defendant is presumed innocent of each and every one of the charges. This presumption continues throughout the case, including during your deliberations. It is not overcome unless, from all the evidence in the case, you are convinced beyond a reasonable doubt that the defendant is guilty as charged.

The government has the burden of proving the defendant's guilt beyond a reasonable doubt. This burden of proof stays with the government throughout the case.

The defendant is never required to prove her innocence. She is not required to produce any evidence at all.

## 2.01 THE EVIDENCE

You must make your decision based only on the evidence that you saw and heard here in court. Do not consider anything you may have seen or heard outside of court, including anything from the newspaper, television, radio, the Internet, social media, text messages, e-mails, or any other source.

The evidence includes only what the witnesses said when they were testifying under oath, the exhibits that I allowed into evidence, and the stipulations that the lawyers agreed to. A stipulation is an agreement that certain facts are true or that a witness would have given certain testimony.

Nothing else is evidence. The lawyers' statements and arguments are not evidence. If what a lawyer said is different from the evidence as you remember it, the evidence is what counts. The lawyers' questions and objections likewise are not evidence.

A lawyer has a duty to object if he or she thinks a question is improper. If I sustained objections to questions the lawyers asked, you must not speculate on what the answers might have been.

If, during the trial, I struck testimony or exhibits from the record, or told you to disregard something, you must not consider it.

5

## 2.02 CONSIDERING THE EVIDENCE

Give the evidence whatever weight you decide it deserves. Use your common sense in weighing the evidence, and consider the evidence in light of your own everyday experience.

People sometimes look at one fact and conclude from it that another fact exists. This is called an inference. You are allowed to make reasonable inferences, so long as they are based on the evidence.

## 2.03 DIRECT AND CIRCUMSTANTIAL EVIDENCE

You may have heard the terms "direct evidence" and "circumstantial evidence." Direct evidence is evidence that directly proves a fact. Circumstantial evidence is evidence that indirectly proves a fact.

You are to consider both direct and circumstantial evidence. The law does not say that one is better than the other. It is up to you to decide how much weight to give to any evidence, whether direct or circumstantial.

## 2.04 NUMBER OF WITNESSES

Do not make any decisions simply by counting the number of witnesses who testified about a certain point.

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

What is important is how truthful and accurate the witnesses were and how much weight you think their testimony deserves.

## 2.05 DEFENDANT'S DECISION NOT TO TESTIFY OR PRESENT EVIDENCE

A defendant has an absolute right not to testify [or present evidence]. You may not consider in any way the fact that the defendant did not testify [or present evidence]. You should not even discuss it in your deliberations.

## 3.01 CREDIBILITY OF WITNESSES

Part of your job as jurors is to decide how believable each witness was, and how much weight to give each witness' testimony, including that of the defendant. You may accept all of what a witness says, or part of it, or none of it.

Some factors you may consider include:

- the intelligence of the witness;

- the witness' ability and opportunity to see, hear, or know the things the witness testified about;

- the witness' memory;

- the witness' demeanor;

- whether the witness had any bias, prejudice, or other reason to lie or slant the testimony;

- the truthfulness and accuracy of the witness' testimony in light of the other evidence presented; and

- inconsistent or consistent statements or conduct by the witness.

### 3.02 ATTORNEY INTERVIEWING WITNESS

It is proper for an attorney to interview any witness in preparation for trial.

## 3.14 RECORDED CONVERSATIONS / TRANSCRIPTS

You have heard recorded conversations and seen video recordings. This is proper evidence that you should consider together with and in the same way you consider the other evidence. You were also given transcripts of the conversations on the audio recordings to help you follow the recordings as you listened to them. [The recordings are the evidence of what was said and who said it. The transcripts are not evidence. If you noticed any differences between what you heard in a conversation and what you read in the transcripts, your understanding of the recording is what matters. In other words, you must rely on what you heard, not what you read. And if you could not hear or understand certain parts of a recording, you must ignore the transcripts as far as those parts are concerned.] I am providing you with the recordings, a device to play them with instructions on its use, headphones, and a copy of the transcripts to assist you. It is up to you to decide whether to listen to the recordings during your deliberations. You may, if you wish, rely on your recollections of what you heard during the trial.

Authority:

The pattern instruction was modified to include a reference to headphones and to reflect that the transcripts would be provided to the jurors with the recordings. The bracketed language could change if the parties agree on an accurate transcript.

Case 2:25-cr-00089-LA    Filed 11/07/25    Page 12 of 31    Document 55

## 3.16 SUMMARIES RECEIVED IN EVIDENCE

Certain summaries or charts were admitted in evidence. You may use those summaries and charts as evidence.

## 3.17 DEMONSTRATIVE SUMMARIES/CHARTS NOT RECEIVED IN EVIDENCE

Certain summaries and charts were shown to you to help explain other evidence that was admitted. These summaries and charts are not themselves evidence or proof of any facts so you will not have these particular demonstrative exhibits during your deliberations.

### 3.18 JUROR NOTE-TAKING

If you have taken notes during the trial, you may use them during deliberations to help you remember what happened during the trial. You should use your notes only as aids to your memory. The notes are not evidence. All of you should rely on your independent recollection of the evidence, and you should not be unduly influenced by the notes of other jurors. Notes are not entitled to any more weight than the memory or impressions of each juror.

## 4.06 SEPARATE CONSIDERATION—ONE DEFENDANT CHARGED WITH MULTIPLE CRIMES

The defendant has been accused of more than one crime. The number of charges is not evidence of guilt and should not influence your decision.

You must consider each charge separately. Your decision on one charge, whether it is guilty or not guilty, should not influence your decision on any other charge.

## 5.05 JOINT VENTURE

An offense may be committed by more than one person. A defendant's guilt may be established without proof that the defendant personally performed every act constituting the crime charged.

## 5.06 AIDING AND ABETTING/ACTING THROUGH ANOTHER

Any person who knowingly aids, counsels, commands, induces, or procures the commission of an offense may be found guilty of that offense if she knowingly participated in the criminal activity and tried to make it succeed.

If a defendant knowingly causes the acts of another, then the defendant is responsible for those acts as though she personally committed them.

## 4.05 DATE OF CRIME CHARGED

The indictment charges that the crimes happened "on or about" April 18, 2025. The government must prove that the crimes happened reasonably close to that date. The government is not required to prove that the crimes happened on that exact date.

### 4.10 DEFINITION OF KNOWINGLY

A person acts "knowingly" if she realizes what she is doing and is aware of the nature of her conduct, and does not act through ignorance, mistake, or accident. In deciding whether the defendant acted knowingly, you may consider all of the evidence, including what the defendant did or said.

**18 U.S.C. § 1071**

**CONCEALING FROM ADMINISTRATIVE ARREST—ELEMENTS**

Count One charges the defendant with concealing an individual from an arrest. In order for you to find the defendant guilty of this charge, the government must prove each of the following four elements beyond a reasonable doubt:

1.  a federal warrant or process had been issued for the arrest of an individual;

2.  the defendant knew that the federal warrant or process had been issued;

3.  the defendant harbored or concealed the individual; and

4.  the defendant intended to prevent the individual's discovery or arrest.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count One.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt as to the charge you are considering, then you must find the defendant not guilty of that charge.


Authority:

Although there is no Seventh Circuit pattern instruction for this offense, there is a pattern instruction prepared by the District of South Carolina and used by the Fourth Circuit. *See* Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 1071 (2024 Online Ed.): https://www.scd.uscourts.gov/pji. This language is consistent with the elements established in relevant caselaw. *See, e.g., United States v. Lockhart*, 956 F.2d 1418 (7th Cir. 1992).

**18 U.S.C. § 1071**

**DEFINITIONS – COUNT ONE**

A "federal warrant or process" includes federal administrative arrest warrants, such as Department of Homeland Security Form I-200 ("Warrant for Arrest of Alien") signed by an Authorized Immigration Officer.

"Harboring or concealing" means taking any affirmative, physical action to assist a wanted individual, including taking any action intended to hide, secrete, or keep the individual out of sight, or to otherwise prevent the observation, discovery, or arrest of the individual. This is so regardless of whether the action was successful in actually delaying the individual's observation, discovery, or arrest.

<u>Authority</u>:

*See United States v. Lockhart*, 956 F.2d 1418 (7th Cir. 1992) (explaining that although some "affirmative, physical action" is required to harbor or conceal, "any physical act of providing assistance ... to aid the [wanted individual] in avoiding detection and apprehension will make out a violation of section 1071") (quoting *United States v. Stacey*, 896 F.2d 75, 77 (5th Cir.1990), and *United States v. Yarbrough*, 852 F.2d 1522, 1543 (9th Cir.1988)); *see also United States v. Biami*, 243 F.Supp. 917, 918 (E.D. Wis. 1965) (the word "conceal" in section 1071 means to "hide, secrete, or keep out of sight").

Because the focus is on the defendant's conduct, not law enforcement's knowledge or action, there is no requirement that the concealment succeed in delaying the individual's arrest. *See, e.g., United States v. Hash*, 688 F.2d 52 (8th Cir.1982) (per curiam) (section 1071 does not require that the concealment last for any minimum amount of time); *Biami*, 243 F.Supp. at 918 (noting that because "the statute is directed at the conduct of the defendant," section 1071 can be violated even if law enforcement at all times knew the location of the wanted individual).

22

**18 U.S.C. § 1505**

**ENDEAVORING TO OBSTRUCT PROCEEDINGS—ELEMENTS**

Count Two of the indictment charges the defendant with endeavoring to influence, obstruct, or impede federal proceedings. In order for you to find the defendant guilty of this count, the government must prove each of the following four elements beyond a reasonable doubt:

1. there was a proceeding being conducted by any department or agency of the United States;

2. the defendant knew of the pending proceeding;

3. the defendant endeavored to influence, obstruct, or impede the proceeding; and

4. the defendant did so corruptly, that is with the purpose of wrongfully influencing the activities of a federal department or agency.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty of Count Two.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any one of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

Authority:

There is no Seventh Circuit pattern instruction for this offense. However, there is a pattern instruction prepared by the District of South Carolina and used by the Fourth Circuit. *See* Eric Wm. Ruschky, Pattern Jury Instructions for Federal Criminal Cases, District of South Carolina § 1505 (2024 Online Ed.): https://www.scd.uscourts.gov/pji. In addition, model instructions for all the elements of Section 1505 can be found at 2 Modern Federal Jury Instructions-Criminal ¶ 46.04 (2023) (Instructions 46-22 *et seq.).* This draft also is based on instructions used for Section 1505 cases in the Western District of Wisconsin and Northern District of California. *See United States v. Clark*, Case

No. 22-CR-55 (W.D. Wis.) (Peterson, J.) at Document 504; *United States v. Cruz*, Case No. 19-Cr-559 (N.D. Cal.) at Document 186. The above text also is consistent with the Seventh Circuit Pattern Instruction for Section 1503. *See* William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit (2023 Ed.) for 18 U.S.C. § 1503 – Obstruction of Justice Generally – Elements.

**18 U.S.C. § 1505**

**DEFINTITIONS – COUNT TWO**

Regarding the first element for Count Two, the Department of Homeland Security (DHS) is a department of the United States and Immigration and Customs Enforcement (ICE) is an agency within DHS. In addition, "pending proceeding" simply means any process taking place in the manner and form prescribed for conducting business by or before a department or government agency, including all steps and stages of any agency administrative or investigative action from its inception to its conclusion. This includes all steps related to removal or reinstatement of removal by DHS and ICE, including the execution of an administrative arrest warrant.

Regarding the third element, "endeavored" means having acted purposefully, with knowledge that an action would have the natural and probable effect of the intended purpose. An "endeavor" need not be successful or achieve its desired result.

Regarding the fourth element, "corruptly" simply means acting with a wrongful purpose to influence, obstruct, or impede the administration of an agency function. A defendant can do this personally or by influencing another. "Corruptly" does not require proof that the defendant knew her conduct was illegal, only that she intended to do something the law prohibited, whether she knew of the law or not.

Authority:

As noted above, because there is no Seventh Circuit pattern instruction for this offense, this language is adapted from other pattern and model instructions for Section 1505, the instructions given in the cases mentioned above, and the Seventh Circuit Pattern Instructions for similar terms used in Sections 1503 and 1515(b).

The instruction also is drawn from relevant caselaw. *See, e.g., United States v. Senffner*, 280 F.3d 755 (7th Cir. 2002) (analyzing the broad nature of "proceeding" and the meaning of "endeavored"); *Rice v. United States*, 356 F.2d 709 (6th Cir. 1966) (explaining that "proceeding" is a "very broad" and "comprehensive term meaning the action of proceeding—a particular step or series of steps, adopted for accomplishing something" and simply refers to "proceeding in the manner and form prescribed for conducting business before the department or agency, including all steps and stages in such an action from its inception to its conclusion"); *see also* 2 Modern Federal Jury Instructions-Criminal ¶ 46.04 (collecting caselaw supporting Instructions 46-22 through 46-27).

Regarding the first element, "[a]lthough it is helpful to define a proceeding for the jury, the question of whether an agency action is a 'proceeding' is a question of law decided by the judge." *See* 2 Modern Federal Jury Instructions-Criminal ¶ 46.04 – Comment to Instruction 46-23; *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970) (no error when the district court instructed the jury that an FTC investigation was a proceeding within the meaning of § 1505, as the "definition of 'proceeding' as used in the statute was a question of law to be determined by the court rather than the jury"); *accord United States v. Pugh*, 404 Fed. Appx. 21, 27 (6th Cir. 2010) ("whether an agency action constitutes a 'proceeding' is a question for the judge, not the jury"); *United States v. Leo*, 941 F.2d 181, 198 (3rd Cir. 1991) (whether agency audit referenced in the indictment "constituted a proceeding as that term is employed in § 1505 presents a question of law"); *United States v. North*, 910 F.2d 843, 894 n. 29 (D.C. Cir. 1990) (per curiam) (finding it "indisputable that the question of whether a proceeding constitutes an inquiry under § 1505 is a matter of law for the court"), modified on other grounds, 920 F.2d 940 (D.C. Cir. 1990) (per curiam).

**4.08 PUNISHMENT**

In deciding your verdict, you should not consider the possible punishment for the defendant who is on trial. If you decide that the government has proved the defendant guilty beyond a reasonable doubt, then it will be my job to decide on the appropriate punishment.

## 7.01 JURY DELIBERATIONS

Once you are all in the jury room, the first thing you should do is choose a foreperson. The foreperson should see to it that your discussions are carried on in an organized way and that everyone has a fair chance to be heard. You may discuss the case only when all jurors are present.

Once you start deliberating, do not communicate about the case or your deliberations with anyone except other members of your jury. You may not communicate with others about the case or your deliberations by any means. This includes oral or written communication, as well as any electronic method of communication, such as telephone, cell phone, computer, text messaging, instant messaging, the Internet, chat rooms, blogs, websites, or services like Facebook, LinkedIn, YouTube, Instagram, Snapchat, Twitter, or any other method of communication.

If you need to communicate with me while you are deliberating, send a note through the court security officer. The note should be signed by the foreperson or by one or more members of the jury. To have a complete record of this trial, it is important that you do not communicate with me except by a written note. I may have to talk to the lawyers about your message, so it may take me some time to get back to you. You may continue your deliberations while you wait for my answer. Please be advised that transcripts of trial testimony are not available to you. You must rely on your collective memory of the testimony.

If you send me a message, do not include the breakdown of any votes you may have conducted. In other words, do not tell me that you are split 6–6, or 8–4, or whatever your vote happens to be.

## 7.02 VERDICT FORM

A verdict form has been prepared for you. You will take this form with you to the jury room.

[Read the verdict form.]

When you have reached unanimous agreement, your foreperson will fill in, date, and sign the verdict form.

Advise the court security officer once you have reached a verdict. When you come back to the courtroom, [I; the clerk] will read the verdicts aloud.

Case 2:25-cr-00089-LA    Filed 11/07/25    Page 30 of 31    Document 55

## 7.03 UNANIMITY/DISAGREEMENT AMONG JURORS

The verdict must represent the considered judgment of each juror. Your verdict, whether it is guilty or not guilty, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with each other, express your own views, and listen to your fellow jurors' opinions. Discuss your differences with an open mind. Do not hesitate to re-examine your own view and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence just because of the opinions of your fellow jurors or just so that there can be a unanimous verdict.

The twelve of you should give fair and equal consideration to all the evidence. You should deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror.

You are impartial judges of the facts. Your sole interest is to determine whether the government has proved its case beyond a reasonable doubt.