UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                       Case No. 25-CR-0089-LA

HANNAH C. DUGAN,

    *Defendant.*

## DEFENDANT'S PROPOSED JURY INSTRUCTIONS

The Defendant, Judge Hannah C. Dugan, pursuant to the Court's Order at the September 3, 2025, hearing (Dkt. 49), submits the following proposed jury instructions, in addition to the Court's standard jury instructions.

Dated at Madison, Wisconsin, November 7, 2025.

Respectfully submitted,

HON. HANNAH C. DUGAN, *Defendant*

  *s/ John H. Bradley*
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
Dean A. Strang
Wisconsin Bar No. 1009868

STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703

(608) 535-1550
john@strangbradley.com
rick@strangbradley.com
william@strangbradley.com
dean@strangbradley.com

*s/ Steven M. Biskupic*
Steven M. Biskupic
Wisconsin Bar No. 1018217

STEVEN BISKUPIC LAW OFFICE, LLC
P.O. Box 456
Thiensville, Wisconsin 53092
bisklaw@outlook.com

*s/ Jason D. Luczak, Nicole M. Masnica*
Jason D. Luczak
Wisconsin Bar No.  1070883
Nicole M. Masnica
Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
(414) 271-1440
jluczak@grgblaw.com
nmasnica@grgblaw.com

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 1

## 18 U.S.C. § 1071

## CONCEALING PERSON FROM ARREST - ELEMENTS

The defendant has been charged in Count 1 of the indictment with concealing a person from arrest. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. A federal warrant or process was issued under the provisions of a law of the United States for Eduardo Flores-Ruiz's arrest;

2. Ms. Dugan knew about that warrant;

3. Ms. Dugan knew that the warrant was for Mr. Flores-Ruiz's arrest;

4. Ms. Dugan actually concealed Mr. Flores-Ruiz;

5. That concealment materially affected Mr. Flores-Ruiz's arrest or discovery; and

6. Ms. Dugan did so with the intent to prevent Mr. Flores-Ruiz's arrest or discovery.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

### Authority

18 U.S.C. § 1071; *United States v. Lockhart*, 956 F.2d 1418, 1423 (7th Cir. 1992).

***Actually***. *United States v. Mitchell*, 177 F.3d 236, 238 (4th Cir. 1999) ("(3) the defendant actually harbored or concealed the fugitive").

***Materiality***. Although neither the Seventh Circuit nor the United States Supreme Court have considered whether 18 U.S.C. § 1071 requires materiality as an essential element, common usage suggests that only material obstruction should be criminal. In general, of course, *de minimis* or immaterial effects of completed acts are not federal felonies. Criminal laws generally—and felonies specifically—do not address mere trifles and, barring obvious Congressional intent that they should and no overbreadth of vagueness problems, they should not. *See also Neder v. United States*, 527 U.S. 1, 21–25 (1999) (explaining why three federal fraud statutes—wire, mail, and bank—all require proof of materiality as an essential element, just as tax fraud also does); *see generally* Ellen S. Podgor, *Arthur Andersen, LLP and Martha Stewart: Should Materiality be an Element of Obstruction of Justice?*, 44 WASHBURN L. REV. 583, 593–601 (2005); *see also United States v. Kirst*, 54 F.4th 610 (9th Cir. 2022) (upholding district court's requirement of materiality in 18 U.S.C. § 1505, consistent with the definition of materiality under 18 U.S.C. § 1001); *but see United States v. Burge*, 711 F.3d 803, 812 (7th Cir. 2013) ("There is no materiality requirement for obstruction under § 1512(c); the defendant must have only acted with corrupt intent to obstruct.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 2

As used in Count 1, the term "concealed" means to hide, secrete, or keep out of sight. It is protecting a person from some external menace, deliberately safeguarding someone from federal authorities, or preventing detection by law enforcement officers. Additionally, the term "concealed" requires an affirmative, physical act of hiding or secreting an individual to prevent his discovery or arrest. Sheltering a person or making a false statement to law enforcement, without more, is not concealing.

**Authority**

*United States v. Costello*, 666 F.3d 1040, 1044–46 (7th Cir. 2012); *see also United States v. Ye*, 588 F.3d 411, 415–15 (7th Cir. 2009); *United States v. Campbell*, 770 F.3d 556, 570 (7th Cir. 2014).

***False statement***. *United States v. Foy*, 416 F.2d 940, 941 (7th Cir. 1969) ("Here, the false statement of defendant that he did not know where Ryan was, without any further acts of concealment, did not impose a real barrier to the discovery of Ryan"); *United States v. Lockhart,* 956 F.2d 1418, 1423 (7th Cir. 1992) ("Some affirmative, physical action is required to 'harbor or conceal' within the meaning of § 1071"); *see also United States v. Magness*, 456 F.2d 976, 978 (9th Cir. 1972), citing *United States v. Foy*, 416 F.2d 940 (7th Cir. 1969) ("a false statement, standing alone, however, could not constitute the active conduct of hiding or secreting contemplated by the statute").

***Active conduct of hiding or secreting***. *United States v. Foy*, 416 F.2d 940, 941 (7th Cir. 1969), quoting *United States v. Thornton*, 178 F.Supp. 42, 43 (E.D.N.Y.1959) (defining the terms "harbored or concealed" as "to hide, secrete or keep out of sight"), quoting

*United States v. Shapiro*, 113 F.2d 891, 892, 130 A.L.R. 147 (2nd Cir. 1940) ("These are active verbs, which have the fugitive as their object"). *See also United States v. Biami,* 243 F. Supp. 917, 918 (E.D. Wis. 1965) ("The word 'conceal' as used in 18 U.S.C.A. § 1071, is defined: 'to hide, secrete or keep out of sight.'"), quoting *United States v. Thornton*, 178 F.Supp. 42, 43 (E.D.N.Y.1959).

**To prevent discovery or arrest**. *United States v. Biami,* 243 F. Supp. 917, 918 (E.D. Wis. 1965) ("an active measure taken by the defendant to prevent the discovery and arrest of Perkins"); *see also United States v. Waloke*, 923 F.3d 1152, 1155 (8th Cir. 2019) ("A person harbors or conceals a fugitive by engaging in 'any physical act of providing assistance, including food, shelter, and other assistance to aid . . . in avoiding detection and apprehension'"), quoting *United States v. Erdman*, 953 F.2d 387, 390 (8th Cir. 1992), in turn quoting *United States v. Silva*, 745 F.2d 840, 849 (4th Cir. 1984) (ellipses in *Erdman*).

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 3

As used in Count 1, an act is "material" if it has a natural tendency to affect, or is capable of affecting, Mr. Flores-Ruiz's arrest or discovery.

**Authority**

SEVENTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION for 18 U.S.C. § 1001.

***Material.*** *United States v. Kirst*, 54 F.4th 610 (9th Cir. 2022) (upholding district court's requirement of materiality in 18 U.S.C. § 1505, consistent the the definition of materiality under 18 U.S.C. § 1001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 4

A person who has a legal right to act as she did does not obstruct justice or conceal for purposes of Count 1.

### Authority

*United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); *see also* WIS. STAT. § 753.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 5

A state court judge's official act, something that was part of her job, does not obstruct justice or conceal for purposes of Count 1.

**<u>Authority</u>**

*United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 6**

Mere failure to disclose the location of a fugitive is not sufficient to establish a violation of the statute charged in Count 1.

**<u>Authority</u>**

*United States v. Foy*, 416 F.2d 940, 941 (7th Cir. 1969).

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 7**

**18 U.S.C. § 1505**

**OBSTRUCTION OF JUSTICE GENERALLY—ELEMENTS**

The defendant has been charged in Count 2 of the indictment with obstruction of justice. In order for you to find the defendant guilty of this charge, the government must prove each of the following elements beyond a reasonable doubt:

1. There was a pending proceeding before the United States Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations;

2. Ms. Dugan knew of that proceeding;

3. Ms. Dugan endeavored to influence, obstruct, or impede the due administration of that proceeding;

4. Such influence, obstruction, or impeding would have been material in affecting the administration of that proceeding; and

5. Ms. Dugan acted corruptly, that is, with the purpose of wrongfully impeding the proceeding and procuring an unlawful benefit either for herself or for some other person.

If you find from your consideration of all the evidence that the government has proved each of these elements beyond a reasonable doubt, then you should find the defendant guilty.

If, on the other hand, you find from your consideration of all the evidence that the government has failed to prove any of these elements beyond a reasonable doubt, then you must find the defendant not guilty.

### Authority

There is no Seventh Circuit Pattern Jury Instruction for 18 U.S.C. § 1505, although there are pattern instructions for 18 U.S.C. §§ 1503, 1512.

*First three elements.* United States v. O'Connell, 17-CR-50, 2017 WL 9360868, *4 (E.D. Wis. 2017) (Joseph, M.J.).

*Materiality.* Although neither the Seventh Circuit nor the United States Supreme Court has construed 18 U.S.C. § 1505 to require materiality as an essential element, common usage suggests that only material conduct should be criminal. In general, of course, *de minimis* or immaterial effects of completed acts are not federal felonies. Criminal laws generally—and felonies specifically—do not address mere trifles and, barring obvious Congressional intent that they should and no overbreadth of vagueness problems, they should not. *See also Neder v. United States*, 527 U.S. 1, 21–25 (1999) (explaining why three federal fraud statutes—wire, mail, and bank—all require proof of materiality as an essential element, just as tax fraud also does); *see generally* Ellen S. Podgor, *Arthur Andersen, LLP and Martha Stewart: Should Materiality be an Element of Obstruction of Justice?*, 44 WASHBURN L. REV. 583, 593–601 (2005); *see also United States v. Kirst*, 54 F.4th 610 (9th Cir. 2022) (upholding district court's requirement of materiality in 18 U.S.C. § 1505, consistent with the definition of materiality under 18 U.S.C. § 1001); *but see United States v. Burge*, 711 F.3d 803, 812 (7th Cir. 2013) ("There is no materiality

requirement for obstruction under § 1512(c); the defendant must have only acted with corrupt intent to obstruct.").

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 8

An effort to arrest a person, or to execute an arrest warrant of any kind, is not a "proceeding" within the meaning of the crime charged in Count 2. As used in that count, the term "proceeding" means an actual administrative or judicial process apart from an attempt to arrest someone that was pending at the time, or at least was reasonably foreseeable to the defendant.

A proceeding "before" an administrative agency must involve the purpose of conducting official business, though formality alone is not determinative. A "proceeding before" an agency must include a second, outside party integrally involved in the "proceeding" in order for it to be "before" the agency.

If there is more than one "proceeding" identified by the Government:

[In considering Count 2, you must agree unanimously on which, if any, of the proceedings Ms. Dugan endeavored to influence, obstruct, or impede the due administration of. If you cannot agree unanimously on which, if any, of the proceedings Ms. Dugan endeavored to influence, obstruct, or impede the due administration of, you must return a verdict of not guilty on Count 2.]

### Authority

***Proceeding.*** *United States v. Kirst*, 54 F.4th 610, 621 (9th Cir. 2022) ("Rather, it was 'a "proceeding" within the meaning of § 1505,' because the agency had the power to issue subpoenas and compel testimony under oath. . . So, too, here. In conducting an investigation of an airplane crash, the NTSB has authority to issue subpoenas and to compel testimony under oath"), quoting *United States v. Kelley*, 36 F.3d 1118, 1123 (D.C.

Cir. 1994). *See United States v. Senffner*, 280 F.3d 755, 761 (7th Cir. 2002) ("And, sufficient to distinguish an investigative proceeding (from a mere police investigation) is the authority to issue subpoenas and administer oaths"), citing *Kelley*, 36 F.3d at 1127 with approval.

*Pending at the time.* As to pending at the time or reasonably foreseeable, *see Marinello v. United States*, 584 U.S. 1, 13–14 (2018) (IRS proceedings).

*Before an administrative agency.* As to "before" an administrative agency and the "second party" requirement, *see United States v. McHugh*, 583 F. Supp. 3d 1, 12 (D.D.C. 2022) (involving 18 U.S.C. § 1515).

*Unanimous proceeding requirement.* SEVENTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION for 18 U.S.C. §§ 1512 & 1515(a)(1) DEFINITION OF OFFICIAL PROCEEDING.

# DEFENDANT'S PROPOSED JURY INSTRUCTION No. 9

As used in Count 2, the term "endeavor" means more than just an attempt to influence, obstruct, or impede a federal proceeding. To establish that third element of the crime charged in Count 2, the government must prove beyond a reasonable doubt that Ms. Dugan took a substantial step toward influencing, obstructing, or impeding a federal proceeding, and she acted purposefully, with the knowledge or notice that her actions would have the natural and probable effect of wrongfully influencing, obstructing or impeding the due administration of a specific proceeding that was known to her. The phrase "natural and probable effect" means that an act had a relationship in time, causation, or logic with the specific proceeding that Ms. Dugan is alleged to have influenced, obstructed, or impeded.

## Authority

*United States v. Mitchell*, 877 F.2d 294, 299 (4th Cir. 1989) ("The proper inquiry is whether a defendant had the requisite corrupt intent to improperly influence the investigation, not on the means the defendant employed in bringing to bear this influence"). *See also United States v. Cueto*, 151 F.3d 620, 631 (7th Cir. 1998).

***Endeavor.*** *See United States v. Russell*, 255 U.S. 138, 143 (1921) ("The word of the section is 'endeavor,' and by using it the section got rid of the technicalities which might be urged as besetting the word 'attempt,' and it describes any effort or essay to do or accomplish the evil purpose that the section was enacted to prevent"), discussing "endeavor" as used in 18 U.S.C. § 1503; *United States v. Aguilar*, 515 U.S. 593, 599 (1995) ("the act must have a relationship in time, causation, or logic with the judicial

proceedings"), discussing "endeavor" as used in 18 U.S.C. § 1503; *United States v. Laurins*, 857 F.2d 529, 536 (9th Cir. 1988) ("Section 1505 is similar in language to 18 U.S.C. § 1503 (1982), the statute proscribing obstruction of justice in a judicial proceeding, and cases interpreting section 1503 are relevant to constructions of section 1505").

*See* Seventh Circuit Pattern Criminal Jury Instruction for 18 U.S.C. § 1503 DEFINITION OF "ENDEAVOR."

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 10**

As used in Count 2, an act is "material" if it has a natural tendency to influence, obstruct or impede, or is capable of influencing influence, obstructing or impeding the due administration of the proceeding pending before the United States Department of Homeland Security, Immigration and Customs Enforcement, Enforcement and Removal Operations.

**<u>Authority</u>**

SEVENTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION for 18 U.S.C. § 1001.

***Material.*** *United States v. Kirst*, 54 F.4th 610 (9th Cir. 2022) (upholding district court's requirement of materiality in 18 U.S.C. § 1505, consistent the the definition of materiality under 18 U.S.C. § 1001).

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 11

As used in Count 2, to act "corruptly" means to act knowingly with an improper purpose, deception, or conscious wrongdoing with the purpose of wrongfully impeding the proceeding and procuring an unlawful benefit either for herself or for some other person.

"Wrongfully" requires that the government prove Ms. Dugan acted dishonestly, immorally, or in a depraved or evil way. A defendant does not act "wrongfully" if she had a legal right to act as she did.

### Authority

*Corruptly.* As to the definition of the *mens rea* element, "corruptly" means more than knowingly and—importantly—requires more than the current Seventh Circuit Pattern Criminal Jury Instruction on 18 U.S.C. § 1512 includes. *See Arthur Andersen LLP v. United States*, 544 U.S. 696, 705-07 (2005); *see also id*. at 706 (the jury instructions there "diluted the meaning of 'corruptly' so that it covered innocent conduct").

"Corruptly" requires an improper purpose, deception, or conscious wrongdoing. *See United States v. Edwards*, 869 F.3d 490, 499 (7th Cir. 2017) (discussing 18 U.S.C. § 1512(b)(3), a statute similar to § 1505) ("the error here was that the jury instructions did not say anything about wrongfulness at all: no reference to improper purpose, no requirement of deception, and no mention of conscious wrongdoing. The instructions left the door open for the jury to convict Edwards on the basis of innocent rather than corrupt persuasion").

*Procuring an unlawful benefit.* As to the personal gain or benefit required for "corruptly," *see United States v. Fischer*, 64 F.4th 329, 361–62 (D.C. Cir. 2023) (Walker, J., concurring in part) ("When used as a criminal mental state, 'corruptly' is a term of art that requires a defendant to act with an 'intent to procure an unlawful benefit either for himself or for some other person'"), *vacated on other grounds*, 603 U.S. 480 (2024) (with Chief Justice Roberts, for the majority, quoting Judge Walker's description of "corruptly" approvingly, 603 U.S. at 485). *See also* SEVENTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTION for 26 U.S.C. § 7212 CORRUPTLY ENDEAVORING TO OBSTRUCT OR IMPEDE DUE ADMINISTRATION OF INTERNAL REVENUE LAWS.

*Legal right.* Separately, in defining "corruptly," the word "wrongfully" is used to limit the statute only to those acts by which a defendant has no legal right to impede a proceeding. *United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), citing *United States v. Matthews*, 505 F.3d 698, 706 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); *United States v. Fassnacht*, 332 F.3d 440 (7th Cir. 2003); *United States v. Ashqar*, 582 F.3d 819, 823 (2d Cir. 2009) (approving *Matthews* definition of corruptly in context of § 1503 prosecution).

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 12**

A defendant who has a legal right to act as she did does not corruptly endeavor to influence, obstruct, or impede the due and proper administration of the law or a federal proceeding, for purposes of Count 2.

**Authority**

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); *see also* WIS. STAT. § 753.03.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 13**

A defendant who has a legal right to act as she did, to perform an act that is part of her job, does not act "corruptly" for purposes of Count 2.

**<u>Authority</u>**

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 14

A state court judge's official act, something that is part of her job, does not influence, obstruct, or impede the due and proper administration of the law or a federal proceeding, for purposes of Count 2.

### **Authority**

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 15**

The five acts alleged in Count 2 all were official judicial acts, meaning they were all part of a Wisconsin judge's job and steps Ms. Dugan had the legal right to take.

**<u>Authority</u>**

Law of the case, with no good reason to depart from that doctrine. This was the magistrate judge's finding and conclusion, Dkt. No. 43 at 30, to which the government never objected and never argued the contrary. Defendant's first brief supporting her motion to dismiss amply supported it. Dkt. No. 21 at 15–19. This Court in turn expressly adopted the magistrate judge's recommendation. Dkt. No. 48 at 27. *See Lickers v. United States*, 98 F.4th 847, 855–56 (7th Cir. 2024) (recognizing and applying the limitations on law of the case doctrine; but here, the government has no "good reason" for not contesting this important issue earlier and cannot show that the "ends of justice" require that the Court revisit it now); *Agostini v. Felton*, 521 U.S. 203, 236 (1997) (on the law of the case doctrine generally and when courts may depart from it).

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 16**

A state court judge's official act, including acts that were part of her job, does not violate Count 2. Accordingly, you may not consider in any way the claim that Ms. Dugan allegedly confronted members of the United States Immigration and Customs Enforcement (ICE) Task Force and told them they needed a judicial warrant in deciding whether the government has proven every element of the crime charged in Count 2.

### Authority

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 17

A state court judge's official act, including acts that were part of her job, does not violate Count 2. Accordingly, you may not consider in any way the claim that Ms. Dugan allegedly directed all identified members of the ICE Task Force to leave the public hallway and go to the Chief Judge's office in deciding whether the government has proven every element of the crime charged in Count 2.

**<u>Authority</u>**

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 18**

A state court judge's official act, including acts that were part of her job, does not violate Count 2. Accordingly, you may not consider in any way the claim that Ms. Dugan allegedly called a case off the record while ICE Task Force members were in the Chief Judge's office in deciding whether the government has proven every element of the crime charged in Count 2.

<u>**Authority**</u>

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 19

A state court judge's official act, including acts that were part of her job, does not violate Count 2. Accordingly, you may not consider in any way the claim that Ms. Dugan allegedly directed Eduardo Flores-Ruiz and his counsel to leave Courtroom 615 through a non-public jury door in deciding whether the government has proven every element of the crime charged in Count 2.

### Authority

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

**DEFENDANT'S PROPOSED JURY INSTRUCTION No. 20**

A state court judge's official act, including acts that were part of her job, does not violate Count 2. Accordingly, you may not consider in any way the claim that Ms. Dugan allegedly advised Eduardo Flores-Ruiz's lawyer that Flores-Ruiz could appear by Zoom for his next court date in deciding whether the government has proven every element of the crime charged in Count 2.

**Authority**

*See United States v. Edwards*, 869 F.3d 490, 498 (7th Cir. 2017), quoting *United States v. Matthews*, 505 F.3d 698 (7th Cir. 2007); *Matthews*, 505 F.3d at 706, citing *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005); law of the case here, with adoption of magistrate judge's recommendation. *See* Dkt. 43 at 30 (July 7, 2025), adopted by Dkt. 48 (August 26, 2025). *See also* WIS. STAT. § 753.03.

## DEFENDANT'S PROPOSED JURY INSTRUCTION No. 21

In considering Count 2, you must agree unanimously on which, if any, of the five specified actions establishes the third element of that charge beyond a reasonable doubt. That is, you may not return a guilty verdict on that count if some of you believe, just for example, that calling a case off the record influenced, obstructed, or impeded a federal proceeding, but others believe that telling federal agents that they needed a judicial arrest warrant influenced, obstructed, or impeded a federal proceeding. If you cannot agree unanimously on which act or acts influenced, obstructed, or impeded a federal proceeding, you must return a verdict of not guilty on Count 2.

### **Authority**

*See United States v. Fawley*, 137 F.3d 458, 470–72 (7th Cir. 1998); *cf. United States v. Griggs*, 569 F.3d 341, 343–44 (7th Cir. 2009) (unanimity not required on which overt act supported a conspiracy conviction, at least on plain error review; overt act need not be a crime itself and need not even be charged in the indictment); *see United States v. Matthews*, 505 F.3d 698, 709–10 (7th Cir. 2007) (a requested jury instruction on unanimity as to overt acts, it would not have been an issue there); SEVENTH CIRCUIT PATTERN CRIMINAL JURY INSTRUCTIONS at 103 (2023) (citing this passage of *Matthews* as to General Instruction 5.08(A), concerning overt acts in a conspiracy count); *see generally Richardson v. United States*, 526 U.S. 813, 817–24 (1999).