UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    v.                                              Case No. 25-CR-0089-LA

HANNAH C. DUGAN,

    *Defendant.*

## DEFENDANT'S OMNIBUS MOTIONS IN LIMINE
## MOTIONS 2–13

The Defendant, Judge Hannah C. Dugan, moves in limine for Orders consistent with the following requests.

2. To exclude all non-party witnesses from the courtroom following their introduction to the panel of potential jurors and to order all non-party witnesses not to discuss their proposed or completed testimony with any other potential witness throughout the duration of the trial. FED. R. EVID. 615(a).

3. To provide the jury instructions to the jury panel in written form, including the instruction on the presumption of innocence and the Government's burden of proof. *See* PATTERN CRIMINAL JURY INSTRUCTIONS OF THE SEVENTH CIRCUIT 1.03 (2023).

4. To prohibit the Government from introducing any character evidence, including other crimes, wrongs, or acts, from witnesses that has not been deemed previously

by the Court to pertain to an admissible purpose. FED. R. EVID. 404; *United States v. Gomez*, 763 F.3d 845, 856 (7th Cir. 2014).

5. To prohibit the Government from arguing or eliciting testimony that Judge Dugan violated Chapter 950 of the Wisconsin Statutes or Article I, Section 9m of the Wisconsin Constitution. Such opinions are not relevant but are substantially prejudicial. FED. R. EVID. 401–403; *see United States v. Copple*, 24 F.3d 535, 545–46 (3d Cir. 1994). Judge Dugan is charged with federal criminal offenses. She is not charged with violating provisions of Wisconsin law. The federal government has no standing or interest, allowing it to assert a state right here.

Allowing such evidence and argument will create a mini-trial on an irrelevant issue. The Government recently produced reports of interviews of a courtroom bailiff and an assistant district attorney who expressed grievances about their time in Judge Dugan's courtroom. They complained that Judge Dugan often referred to complainants as "alleged victims" before conviction. They also complained that Judge Dugan once declined to allow a complainant to sit in the courtroom during the testimony of other witnesses, even though Wisconsin law explicitly gave her the discretion to do so. WIS. STAT. § 906.15. Indeed, the Milwaukee County District Attorney's Office sought a supervisory writ related to that sequestration order, which the Wisconsin Court of Appeals denied. *Milwaukee County D.A.'s Office v. Circuit Court for Milwaukee County*, Appeal No. 2025AP875-W.

This is not the case to litigate the minutiae of Article I, Section 9m of the Wisconsin Constitution. Allowing the Government to discuss the potential effects

of Judge Dugan's alleged conduct on a collateral third-party is not only substantially prejudicial, but it also would confuse the issues and mislead the jury. FED. R. EVID. 403.

6. To prohibit the Government from arguing or questioning any witness as to whether they personally believe Judge Dugan is guilty or that she committed the offenses she is charged with. *United States v. Young*, 470 U.S. 1, 18–19 (1985); FED. R. EVID. 701, 704(b).

7. To prohibit the Government from eliciting undisclosed expert testimony. FED. R. CRIM. P. 16(a).

8. To prohibit the Government from eliciting expert testimony or a legal opinion from lay witnesses regarding administrative warrants, including their validity and who has the authority to issue them. FED. R. CRIM. P. 16(a); FED. R. EVID. 701.

9. To prohibit the Government from eliciting expert testimony from lay witnesses regarding Milwaukee County Circuit Court procedures. FED. R. CRIM. P. 16(a); FED. R. EVID. 701.

10. To allow Judge Dugan to elicit statements made to the media and on social media by the Attorney General and the Director of the FBI about Judge Dugan's alleged actions on April 18, 2025. Such statements are admissible as statements made by a party opponent. FED. R. EVID. 801(d)(2). And such statements are relevant at least because they show bias in the investigation and prosecution. "Proof of bias is the quintessentially appropriate topic for cross-examination." *United States v. Martin*,

618 F.3d 705, 727 (7th Cir. 2010) (source and marks omitted); *see also United States v. Abel*, 469 U.S. 45, 49–53 (1984) (bias is broadly admissible on issues of credibility).

11. To require the Government to produce the full transcripts of audio recordings and identify the portions of the audio recordings it intends to introduce at trial. The Government has produced the full audio recordings, referenced transcripts, and portions in discovery. Such production will avoid unfair surprise.

    The Government should be required to produce those transcripts and enhanced versions of audio recordings and identify which portions it intends to play, ahead of trial, to prevent unfair surprise and prejudice.

    To the extent the recordings or transcripts include statements made by Judge Dugan, they must be disclosed and made available for inspection under FED. R. CRIM. P. 16(a)(1)(B). They should also, more generally, be disclosed and made available for inspection under FED. R. CRIM. P. 16(E)(1)–(2) because they are material to defense preparation and the Government is intending to use them in its case-in-chief. Finally, to the extent the Government is using excerpts as summaries, they must be made available for examination and copying under FED. R. EVID. 1006(b).

12. To allow Judge Dugan to introduce the complete recordings or transcripts of audio recordings in response to the Government introducing partial versions of recordings and transcripts. FED. R. EVID. 106. Judge Dugan cannot yet determine how much of the recordings or transcripts "in fairness ought to be considered at the same time" as the partial versions until she knows which pieces the

4

Government intends to use and has access to the full versions. *Id.* Judge Dugan requests that the Court rule on these issues before trial.

13. To require the Government to produce grand jury materials at least two weeks before trial. FED. R. CRIM. P. 6(e)(3)(E). This case is going to trial. The grand jury materials will be made public. This case concerns events that happened in a public building. Disclosure of the grand jury materials will preserve Judge Dugan's right to present a complete defense. *California v. Trombetta*, 467 U.S. 479, 485 (1984). Modern discovery, "together with pretrial procedures make a trial less a game of blind man's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958).

Dated at Madison, Wisconsin, November 7, 2025.

Respectfully submitted,

HON. HANNAH C. DUGAN, *Defendant*

*s/ R. Rick Resch*
John H. Bradley
Wisconsin Bar No. 1053124
R. Rick Resch
Wisconsin Bar No. 1117722
William E. Grau
Wisconsin Bar No. 1117724
Dean A. Strang
Wisconsin Bar No. 1009868

STRANG BRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550

john@strangbradley.com
rick@strangbradley.com
william@strangbradley.com
dean@strangbradley.com

                                                  *s/ Steven M. Biskupic*
Steven M. Biskupic
Wisconsin Bar No. 1018217

STEVEN BISKUPIC LAW OFFICE, LLC
P.O. Box 456
Thiensville, Wisconsin 53092
bisklaw@outlook.com

                                                  *s/ Jason D. Luczak, Nicole M. Masnica*
Jason D. Luczak
Wisconsin Bar No. 1070883
Nicole M. Masnica
Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
(414) 271-1440
jluczak@grgblaw.com
nmasnica@grgblaw.com