UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

                Plaintiff,

      v.                                        Case No. 25-CR-89 (LA)

HANNAH C. DUGAN,

                Defendant.

## GOVERNMENT'S MOTION *IN LIMINE* TO PROHIBIT DEFENDANT'S "EXPERT" WITNESS FROM TESTIFYING TO THE MEANING OF STATUTES AND REGULATIONS

The United States of America, by its counsel, moves to preclude the defendant's "expert" witness from introducing legal-opinion testimony on the meaning of statutes and regulations that would effectively instruct the jury on the elements of Count Two. Because settled law holds that the only legal expert on federal law is the district judge, the proposed testimony would usurp this Court's role and must be prohibited.

## BACKGROUND

### A.    Introduction

In its previously filed consolidated motion *in limine*, the government described the two-count indictment and anticipated trial evidence. (Dkt. 56 at 3-10) The government relies on that recitation here without fully repeating it, where the sole issue concerns the defendant's plan to elicit "expert" testimony from an immigration lawyer about the meaning of federal statutes and regulations. Among them is the term "pending

proceeding" in Count Two, which charges the defendant with endeavoring to influence, obstruct, or impede federal agency proceedings, in violation of 18 U.S.C. § 1505. (Dkt. 6 at 2) This motion seeks to prevent such impermissible testimony, preserving to the Court the exclusive duty of instructing the jury, as settled federal law requires.

### B.    "Pending proceeding" is an element under § 1505.

The relevant portion of § 1505 reads as follows:

> Whoever corruptly, or by threats or force, or by any threatening letter or communication influences, obstructs, or impedes or endeavors to influence, obstruct, or impede the due and proper administration of the law under which any pending proceeding is being had before any department or agency of the United States, [commits a felony under this section].

18 U.S.C. § 1505.

As alleged in Count Two, the "pending proceeding" was "removal proceedings conducted by the United States Department of Homeland Security," including "the "administrative arrest of E.F.R. for purposes of" those proceedings (Dkt. 6 at 2)

### C.    The Court will resolve the parties' dispute over the elements in § 1505, including the meaning of "pending proceeding."

There is no Seventh Circuit pattern instruction for § 1505. However, based on the statute's language and other authorities cited by the government in its proposed jury instructions, the offense requires the government to prove the following four elements:

1. there was a proceeding being conducted by any department or agency of the United States;

2. the defendant knew of the pending proceeding;

3. the defendant endeavored to influence, obstruct, or impede the proceeding; and

2

4. the defendant did so corruptly, that is with the purpose of wrongfully influencing the activities of a federal department or agency.

(See Dkt. 55 at 23-24)

The government has also proposed definitional instructions for § 1505. Relevant here, they define "department," "agency," and "pending proceeding" as follows:

> Regarding the first element for Count Two, the Department of Homeland Security (DHS) is a department of the United States and Immigration and Customs Enforcement (ICE) is an agency within DHS. In addition, "pending proceeding" simply means any process taking place in the manner and form prescribed for conducting business by or before a department or government agency, including all steps and stages of any agency administrative or investigative action from its inception to its conclusion. This includes all steps related to removal or reinstatement of removal by DHS and ICE, including the execution of an administrative arrest warrant.

(Dkt. 55 at 25-26)

The defendant proposes an alternative set of instructions for § 1505, including different elements and a different definition of "pending proceeding." (Dkt. 57 at 11, 14) As explained in the government's response to the defendant's proposed jury instructions, the defendant's proposals should be rejected, as they adopt an overly narrow reading of § 1505 and are inconsistent with relevant authority. (Dkt. 68 at 11-15) Nevertheless, the defendant's proposed eighth jury instruction (instructing the jury that certain events are not proceedings), demonstrates that she agrees that whether an agency action is a "proceeding" is a question of law to be decided by a judge.

3

**D.** **The defendant proposes to call an "expert" who would effectively instruct the jury on the meaning of "pending proceedings" under § 1505.**

Litigating the final jury instructions is not the purpose of this motion. Rather, this motion—and highlighting the parties' disputes over § 1505 that this Court will resolve—is necessary because the defendant plans to call a legal "expert" to testify on the meaning of statutes and regulations that are relevant to Count Two, most notably the term "pending proceedings."

On November 5, 2025, the defense tendered to the government a report authored by immigration attorney Theodore Chadwick, who would take the stand as an "expert" and tell the jury his opinion on the meaning of "removal proceeding." According to the report, his interpretation of "removal proceeding" is based upon his experience practicing immigration law and his review of the "plain text" of certain sections of Title 8 and the Immigration and Nationality Act ("INA"). Attorney Chadwick does not purport to have any criminal law experience. Nor does his opinion focus on the meaning of "pending proceeding," as that term is used in Title 18, the criminal code at issue in this case. Instead, the report provides a detailed description of attorney Chadwick's "expert" legal opinion on the meaning of "removal proceedings" in the context of immigration law that includes a detailed discussion of various statutes and regulations.

## DISCUSSION

The defendant's plan to call attorney Chadwick to elicit his opinion on the legal meaning of an element of Count Two would contravene clear federal law that instructing the jury is the exclusive role of the district court. *See United States v. Bloom*, 846 F.3d 243,

4

255 (7th Cir. 2017) (explaining that the meaning of statutes and regulations is a subject for the court, not for experts, and that the "only legal expert in a federal courtroom is the judge"); *United States v. Sinclair,* 74 F.3d 753, 758, nt. 1 (7th Cir. 1996) (noting "Federal Rules of Evidence 702 and 704 prohibit experts from offering opinions about legal issues" and that experts "cannot testify about legal issues on which the judge will instruct the jury") (additional citations omitted).

In addition to the clearly announced prohibitions for such testimony in *Bloom* and *Sinclair*, the Seventh Circuit in *United States v. Caputo* was equally definitive in rejecting a defense-proffered legal expert who "would have testified about the meaning of the statute and regulations." 517 F.3d 935, 942 (7th Cir. 2008). Defendants Caputo and Riley were indicted for multiple counts of fraud, lying to federal agents, and delivering a misbranded medical device after they designed, promoted, and sold a sterilizing device. Based on applicable statutes and regulations, the FDA had approved the device for limited use, but after injuries to patients were reported and a recall was issued, they were indicted for going beyond the approved use and convicted by a jury on all counts.

The Seventh Circuit affirmed. Among the issues raised on direct appeal was the district judge's decision to "keep[] out of evidence the proposed 'expert' testimony that defendants wanted to introduce." *Id.* at 942. The defendants proffered that "[t]he expert would have testified about the meaning of statutes and regulations." *Id*. The circuit court found no abuse of discretion in disallowing the testimony, saying emphatically: "That's a subject for the court, not for testimonial experts. See *Bammerlin v. Navistar International Transportation Corp.*, 30 F.3d 898, 900 (7th Cir. 1994). The only legal expert in a federal

5

courtroom is the judge." *Id.*

In *Allen v. American Cyanamid*, 2021 WL 1086245, at *4-*5 (E.D. Wis. 3/22/2021 (Adelman, J.) this Court expressly relied on *Caputo* and other cases to reach the same result and prohibit a proposed "expert" from offering legal opinions on the meaning of statutes and regulations covering the sale of white lead carbonate used in paint. The Court noted that expert testimony is governed by Federal Rules of Evidence 702, *Daubert v. Merrill Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), and the relevance requirements under Federal Rules of Evidence 401-403. *Id.* at *1.

Rather than relying on Rule 702 and *Daubert*, the Court excluded the testimony because generally, "an expert may not offer legal opinions;" "[e]xpert testimony as to legal conclusions that will determine the outcome of the case is inadmissible;" and "the meaning of statutes and regulations 'is a subject for the court, not for testimonial experts [because t]he only legal expert in a federal courtroom is the judge." *Id.* at *5 (citing *Caputo*, 517 F.3d at 942, and *United States v. Stewart*, 433 F.3d 273, 311 (2d Cir. 2006) ("Clearly, an opinion that purports to explain the law to the jury trespasses on the trial judge's exclusive territory.") The Court continued: "Put another way, "an expert usually cannot testify about how a law should be interpreted or what it means. This is the case regardless of whether the interpreted statutes are at the heart of the case." *Id.* (cleaned up).

The Court also excluded the proposed testimony under the relevance rules, drawing support from the no-legal-expert-testimony rule. First, the "[t]estimony from a legal expert about what a company could reasonably conclude about its legal duties presents a serious risk of misleading the jury, especially given the likelihood of a jury

placing undue weight on a legal expert." *Id.*, at *5. Second, the opinion on "what a reasonable company would conclude about its legal duties is not relevant to any issue in the case." *Id.* Third, the opinion wasn't relevant to rebut plaintiffs' "expert historians" on foreign labeling requirements. And fourth, even where he could testify about arguably relevant legal history, the Court ruled:

> I find that the probative value of such testimony is outweighed by the potential for prejudice inherent in allowing a legal expert to testify that the defendants' conduct did not violate contemporary labeling laws. As I discussed above, allowing testimony from a legal expert runs the risk of impermissibly tilting the balance of powers between the parties and misleading the jury into believing they are to look to the expert for legal guidance.

*Id.*, at *6.

Setting aside the accuracy or completeness of the "expert opinion" for the purposes of this motion, attorney Chadwick's proposed opinions fall squarely within the category of legal-expert testimony that was definitively rejected as contrary to federal law by the Seventh Circuit in *Caputo* and other cases, and by this Court in *Allen*. Attorney Chadwick's opinion would be based on his interpretation of immigration statutes and regulations. He would testify on the scope and meaning of "removal proceedings" as an impermissible way to bootstrap the defendant's narrow construction of "pending proceedings" under § 1505.[1] By his own report and résumé, attorney Chadwick is an immigration lawyer, not a criminal-defense lawyer, who has never testified before and

---

[1] Suggesting that Attorney Chadwick's definition of removal proceedings matches the definition of "proceeding" for 18 U.S.C. § 1505 would not only be irrelevant but create a substantial risk of misleading and confusing the jury. As such, it also would be subject to exclusion under Rules 401 and 403.

whose interpretation of key terms in a criminal statute would not satisfy *Daubert*. Even if he were a highly experienced criminal defense attorney or former judge, his proposed testimony is not allowed in a federal trial. Defining the elements and terms in § 1505 is "a subject for the court, not for testimonial experts." *Caputo*, 517 F.3d at 942.[2]

The parties have submitted their respective proposed jury instructions for § 1505, and the government has filed objections to the defendant's proposals, so the disputed issues are—as they should be—before the Court to resolve. And, as the government pointed out in its objections, "the language of the defendant's proposed instruction (telling the jury that certain events are not proceedings) demonstrates that she agrees that whether an agency action is a 'proceeding' is a question of law to be decided by a judge." (Dkt. 68 at 15)

Finally, and paradoxically, the defendant's eighth motion *in limine* seeks to prohibit the government from "eliciting expert testimony or a legal opinion from lay witnesses regarding administrative warrants, including their validity and who has authority to issue them." (Dkt. 59 at 3) The government has filed its response to this motion, agreeing that no expert opinion would be appropriate on any legal issues such as these. (Dkt. 67 at 12-16) By the defendant's own reckoning, attorney Chadwick's legal opinion" should be prohibited. However, the United States will have one or more ICE

---

[2] Because the issue presented by this motion can be resolved as an objective matter of law (that is, an order excluding expert testimony on the meaning of any terms in statutes or regulations terms would resolve the issue), the United States has not attached a copy of the proposed "expert" report. If desired by the Court, the United States would be happy to submit a copy of the opinion under seal or in chambers for the Court's review.

witnesses describe where the issuance and execution of the arrest warrant for E.F.R. fit in his overall immigration proceedings. That will not be in the form of expert opinion testimony. Rather, to the extent it is an opinion at all, it would be a permissible lay opinion. *See United States v. Estrada,* 969 F.3d 1245, 1271-72 (11th Cir. 2020).

## CONCLUSION

For the reasons stated above, the United States respectfully requests that the Court grant the United States' motion *in limine*.

Respectfully submitted on November 17, 2025.

/s/ Richard G. Frohling
Acting United States Attorney
State Bar No.: 1021952
Email: richard.frohling@usdoj.gov

/s/ Keith Alexander
Criminal Division Chief
State Bar No.: 1053000
Email: keith.alexander@usdoj.gov

/s/ Kelly B. Watzka
Deputy Criminal Division Chief
State Bar No.: 1023186
Email: kelly.watzka@usdoj.gov

/s/ Timothy W. Funnell
Green Bay Branch Chief
State Bar No.: 1022716
Email: tim.funnell@usdoj.gov

/s/ Jonathan H. Koenig
Appellate Chief
State Bar No.: 1045517
Email: jonathan.h.koenig@usdoj.gov

Attorneys for Plaintiff
Office of the United States Attorney

9

517 East Wisconsin Avenue, Rm. 530
Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738