*Steven Biskupic Law Office LLC*

P.O. Box 456  414-828-7233
Thiensville, Wisconsin 53092  bisklaw@outlook.com

December 1, 2025

**Via ECF Filing**
Judge Lynn Adelman
Courtroom 390
517 E. Wisconsin Ave.
Milwaukee, WI 53202

                Re:     United States v. Dugan
                           Case No. 25-Cr-89 (E.D. Wis.)
                           Response to R:75 Letter

Dear Judge Adelman:

      The Defense submits the following in response to R:75, a letter filing by the government regarding the significance of a federal district court case, *United States v. Hernandez*, 2024 WL 23147 (E.D. Va. Jan. 2, 202).

      First, *Hernandez* remains pending on appeal, with the precise same holding relied upon by the government being set for oral argument before the Fourth Circuit Court of Appeals on January 30, 2026. *See United States v. Hernandez,* No. 24-4665 (4th Circuit), *including* R:41, ECF pp. 10,24 ("Post-order removal operations are not 'pending proceeding[s]" and "The government's interpretation elides deeply-established boundaries on the meaning of § 1505 excluding 'mere police' activity.")

      Second, in the interim, the interpretation of the statutory term "any proceeding" relied upon by the government has been cited by no other court, let alone adopted or even relied on. At best for the government, there remains a pending clash between *Hernandez* and *United States v. McHugh*, 583 F. Supp.3d 1 (D.D.C. 2022), relied upon by the Defense—and cited approvingly by more than four dozen other decisions. Under the "rule of lenity," this Court should defer to *McHugh. See Loper Bright Enterprises. v. Raimondo*, 603 U.S. 369, 434 (2024) ("Since the founding, American courts have construed ambiguities in penal laws against the government and with lenity toward affected persons") (Gorsuch, J. concurring).

Third, the holding in *McHugh* is more persuasive. The issue here is not just the term "proceeding," as the district court in *Hernandez* would have it. Rather, § 1505 expressly is limited to "pending" proceedings "before" an agency of the United States. The limitations matter here. While section §1512 does not use the term "pending," it—like section 1505—does use the term "before." *McHugh* rightly concluded that this is a spatial term: it refers to some proceeding in the presence of the government agency itself and concerning some second entity. *McHugh*, 583 F. Supp. 3d at 13. That court rejected the defendant's contention that the term "official proceeding" was limited to adjudicative or quasi-adjudicative functions. *Id*. at 15-17. But it correctly concluded that a proceeding "before" an agency requires some process in the presence of the agency itself with the involvement of a second entity. *Id*. at 13. *Hernandez* overlooks the term "before" and the way it modifies the meaning of "proceeding" in section §1505 (and section §1515).

Thank you for your attention to this matter.

Regards,

Steven Biskupic Law Office LLC

/s Steven M. Biskupic

*Counsel for Defendant Hannah Dugan*

cc: All parties via ECF

2

Case 2:25-cr-00089-LA    Filed 12/01/25    Page 2 of 2    Document 76