# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
       **Plaintiff,**

  v.                                        **Case No. 25-CR-89**

**HANNAH C. DUGAN**
       **Defendant.**

## DECISION AND ORDER

This decision explains the court's resolution of the parties' written jury instruction arguments. I gave the following Seventh Circuit pattern instructions requested by the government and unopposed by the defense: 1.01, 1.02, 1.03, 2.01, 2.02, 2.03, 2.04, 2.05, 3.01, 3.02, 3.16, 3.17, 4.06, 4.08, 4.10, 7.01, 7.02, and 7.03. I also gave pattern 3.08.

I declined to give 5.05 (joint venture) and 5.06 (aiding and abetting), proposed by the government, as there was no indication others were involved in the alleged conduct. Such instructions did not appear to be supported by the evidence and could confuse the jury. See United States v. Dinkins, 230 Fed. Appx. 601, 603 (7th Cir. 2007).

I also declined to give 4.05 (date of crime charged). While the indictment does say "on or about April 18, 2025," there appeared to be no evidence of relevant conduct on another date, so this could confuse the jury as well.

On count one, I instructed using the following elements: (1) a federal warrant or process had been issued for the arrest of an individual; (2) the defendant knew that the federal warrant or process had been issued for the individual's arrest; (3) the defendant actually harbored or concealed the individual; and (4) the defendant intended to prevent the individual's discovery

or arrest.[1] As the parties noted, there is no Seventh Circuit pattern instruction for § 1071 offenses, but the cases from other circuits adopt the foregoing elements.

The government argued against use of the word "actually" in the third element, but the cases generally include the term. The government contended the word suggests the defendant must have actually succeeded in concealing the individual, especially when coupled with the defense's proposed definition of "concealed." I address the meaning of that term below. The cases include the word "actually" not to require success but to make clear "that 'section 1071 does not proscribe all forms of aid to a fugitive' and that the 'actual harboring or concealment element requires some affirmative, physical action by the defendant.'" Zabriskie, 415 F.3d at 1145 (quoting United States v. Mitchell, 177 F.3d 236, 239 (4th Cir. 1999)).

I gave an instruction on the definitions in count one as follows:

A "federal warrant" includes federal administrative arrest warrants, such as Department of Homeland Security Form I-200 ("Warrant for Arrest of Alien") signed by an Authorized Immigration Officer.

The actual harboring or concealing element requires some affirmative, physical action by the defendant to hide, secrete, or keep out of sight.[2]

Mere failure to disclose the location of a fugitive is not concealing.[3]

These definitions are supported by the case law in § 1071 prosecutions and accurately

---

[1] United States v. Zabriskie, 415 F.3d 1139, 1145 (10th Cir. 2005) (citing United States v. Mitchell, 177 F.3d 236, 238 (4th Cir. 1999); United States v. Zerba, 21 F.3d 250, 252 (8th Cir. 1994); United States v. Yarbrough, 852 F.2d 1522, 1543 (9th Cir. 1988); United States v. Lockhart, 956 F.2d 1418, 1423 (7th Cir. 1992)); see also United States v. Waloke, 923 F.3d 1151, 1155 (8th Cir. 2019); United States v. Silva, 745 F.2d 840, 848 (4th Cir. 1984).

[2] United States v. Foy, 416 F.2d 940, 941 (7th Cir.1969).

[3] Foy, 416 F.2d at 941. The parties agreed, on review of the court's draft instructions, to excise the sentence: "Making a false statement, without more, is not concealing." See United States v. Lockhart, 956 F.2d 1418, 1423 (7th Cir.1992); Foy, 416 F.2d at 941.

2

apprise the jury of what it needs to find. Defendant's proposed # 2, which included language about "protecting a person from some external menace" (R. 57 at 5) appeared to rely on case law construing different statutes. As the government conceded, making a false statement, without more is not concealing. (R. 68 at 4-5.) As noted, however, on review of the court's draft instructions, the partes agreed to excise this language. I agreed with the government that the case law does not support instructing the jury that "sheltering a person . . . is not concealing." (R. 57 at 5.) See Annamalai, 939 F.3d at 1233-34 (collecting cases).

I declined to include the following language sought by the government: "This is so regardless of whether the action was successful in actually delaying the individual's observation, discovery, or arrest." (R. 55 at 22.) While the facts of the cases cited by the government may give that implication (R. 68 at 5), they did not directly support an instruction using these terms.

I also declined to include a materiality instruction, as sought by the defense. Section 1071 does not include the term, and defendant cited no case imposing a materiality requirement in § 1071 prosecutions. Cf. United States v. Burge, 711 F.3d 803, 812 n.4 (7th Cir. 2013) (rejecting a materiality requirement under 18 U.S.C. § 1512(c)). It was also unnecessary to give such an instruction when the third element included the word "actually," which requires some affirmative, physical action by the defendant and addressed the defense concern about mere trifles.

The government opposed including an instruction that mere failure to disclose the location of a fugitive is not concealing, arguing such an instruction would not be supported by the anticipated evidence at trial. (R. 68 at 6.) This is a correct statement of law. Foy, 416 F.2d at 941. On consideration of the evidence, I included it.

3

Defendant's proposed instructions # 4 and # 5 regarding a "legal right" and an "official act" amounted to a rehash of her immunity argument, which I rejected. The cases she cited, e.g., United States v. Edwards, 869 F.3d 490 (7th Cir. 2017), and United States v. Matthews, 505 F.3d 698 (7th Cir. 2007), pertained to acts like taking the Fifth or asserting a valid privilege, not the conduct alleged here.

On count two, I instructed using the following elements: (1) there was a proceeding pending before a department or agency of the United States; (2) the defendant knew of the pending proceeding; (3) the defendant endeavored to influence, obstruct, or impede the pending proceeding; and (4) the defendant did so corruptly, that is, with the purpose of wrongfully impeding the proceeding.[4] Again, there is no Seventh Circuit pattern instruction for § 1505 offenses, but most circuits use the foregoing elements. I broke out the fourth element, as both parties requested.

I used the following definitions for count two:

The Department of Homeland Security (DHS) is a department of the United States and Immigration and Customs Enforcement (ICE) is an agency within DHS. In addition, "pending proceeding" simply means any process taking place in the manner and form prescribed for conducting business by or before a department or government agency, including all steps and stages in such an action from its inception to its conclusion.[5]

"Endeavored" means having acted purposefully, with knowledge that an action would have the natural and probable effect of wrongfully obstructing the

---

[4] See United States v. Price, 951 F.2d 1028, 1031 (9th Cir. 1991); see also United States v. Edwards, 869 F.3d 490, 498 (7th Cir. 2017).

[5] United States v. Hernandez, No. 3:23cr122 (RCY), 2024 U.S. Dist. LEXIS 649, at *7 *E,D. Va. Jan. 2, 2024) (citing Rice v. United States, 356 F.2d 709, 712 (8th Cir. 1966)); see also United States v. Senffner, 280 F.3d 755, 761 (7th Cir. 2002).

4

proceeding.[6] An "endeavor" need not be successful.[7]

"Corruptly" means acting with an improper purpose, personally or by influencing another, including making a false or misleading statement.[8]

Defendant's proposed instruction # 8 defined "proceeding" too narrowly under § 1505. I found Hernandez and the cases it cites persuasive on this point. Defendant relied on United States v. McHugh, 583 F. Supp. 1 (D.D.C. 2022), but that case concerned a different statute, § 1512, which refers to an "official proceeding."[9] The first sentence of the defense proposal did not appear to be supported by the authority cited. The language about a "second, outside party" is not required by § 1505. In any event, the proceeding here appeared to involve a second party, i.e., E.F.R. It was not clear why that needed to be defined in the jury instructions. It was also unclear why a unanimity instruction would be needed; as far as I could tell, the government did not seek to prove up more than one "proceeding."

I also declined to add a "materiality" requirement on this count, sought in defendant's proposed # 10, as defendant provided no support for its inclusion, and the Seventh Circuit

---

[6] The William J. Bauer Pattern Criminal Jury Instructions of the Seventh Circuit, at 702 (2023 ed.) (18 U.S.C. § 1503 Definition of "Endeavor").

[7] Price, 951 F.2d at 1031; see also United States v. Bhagat, 436 F.3d 1140, 1148 (9th Cir. 2006).

[8] 18 U.S.C. § 1515(b). On review of the court's draft instructions, the defense proposed omitting a separate definition of corruptly, while the government sought the language set forth above. Both sides agreed that, if the court gave the instruction, the court should omit the language about destroying a document, as it did not fit the facts of the case.

[9] The McHugh court held that the term "proceeding" as it appears in § 1515(a)(1) should be defined narrowly. 583 F. Supp. 3d at 12. The Seventh Circuit has held that the term "proceeding" "is defined rather broadly--for the purpose of section 1505." Senffner, 280 F.3d at 761. This is consistent with the Hernandez court's distinction between § 1505 and § 1512. 2024 U.S. Dist. LEXIS 649, at *13-15.

5

declined to include such a requirement under § 1512(c), another obstruction statute. See United States v. McKibbins, 656 F.3d 707, 712 (7th Cir. 2011). Defendant cited United States v. Kirst, 54 F.4th 610, 623-24 (9th Cir. 2022), where the court upheld the district judge's instruction that "[a]n act is 'material' if it has a natural tendency to influence, or is capable of influencing, the agency's decisions or activities." The definition of "endeavored" used in these instructions got at that same concept.

Defendant's proposed # 9 included "substantial step" language that did not appear to be supported by the case law. I used language drawn from the Seventh Circuit pattern instruction for the term "endeavor" in § 1503. The additional language in the last sentence of proposed # 9 was unnecessary. See United States v. Sullivan, 131 F.4th 776, 782-83 (9th Cir. 2025) (declining to require an additional "nexus" instruction).

Defendant's proposed # 11 demanded more than § 1505 or Matthews/Edwards require. Nothing in the statutory text of § 1505 or the case law requires the defendant act for personal/unlawful gain or benefit. The concurring opinion defendant cited, United States v. Fischer, 64 F.4th 329, 361-62 (D.C. Cir. 2023) (Walker, J., concurring), was in a § 1512 case. As the government noted, that statute uses different operative language. (R. 68 at 9.) Defendant also overlooked the statutory definition of the term corruptly in 18 U.S.C. § 1515(b). The "legal right" requirement is again a rehash of defendant's immunity argument. The cases she cited, e.g., Edwards and Matthews, pertain to legal rights like taking the Fifth or asserting a valid privilege, not the conduct alleged here. The same was true of proposed defense instructions # 12, 13, 14, 15, 16, 17, 18, 19, and 20.

Defendant's proposed # 21 sought a unanimity instruction on count two. Matthews stated in dicta that such an instruction would have avoided the issue on appeal, but Matthews was a

6

conspiracy case involving an overt act; the court did not hold such an instruction was necessary in a § 1505 case. The other case defendant cited, United States v. Fawley, 137 F.3d 458 (7th Cir. 1998), was a perjury prosecution, where the jury must agree on the specific false statement.

The acts alleged in count two constituted means of commission, which need not be treated as elements. See United States v. Griggs, 569 F.3d 341, 343 (7th Cir. 2009) ("The law distinguishes between the elements of a crime, as to which the jury must be unanimous, and the means by which the crime is committed."). Unlike the perjury statute, which criminalizes the making of a particular false statement, § 1505 criminalizes a corrupt "endeavor" to obstruct. The jury need not unanimously agree on the acts committed to execute the "endeavor." United States v. Jindal, 621 F. Supp. 3d 727, 738 (E.D. Tex. 2022) ("Accordingly, the most natural reading of the statute and case law make clear that a specific act taken by a defendant in his or her 'corrupt' 'endeavor' to obstruct a pending proceeding is not a required element under § 1505. Rather, the specific acts taken by a defendant are merely examples of the means a defendant uses to commit an element of the crime."); see also United States v. Daniel, 749 F.3d 608, 614 (7th Cir. 2014) (holding that the particular fraudulent representations made to execute a scheme to defraud were underlying brute facts, and that an additional specific unanimity instruction was not required).

Dated at Milwaukee, Wisconsin, this 18th day of December, 2025.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge