UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    *Plaintiff,*

    *v.*                                            Case No. 25-CR-0089-LA

HANNAH C. DUGAN,

    *Defendant.*

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION
FOR RECONSIDERATION OF DECISION AND ORDER (R:117)
IN LIGHT OF REVERSAL OF UNITED STATES v. HERNANDEZ**

**I.**

**SUMMARY**

In defining the elements of a violation of 18 U.S.C. § 1505 and determining whether the government satisfied those elements, this Court repeatedly relied upon the case *United States v. Hernandez*, No. 3:23cr122 (RCY), 2024 U.S. Dist. LEXIS 649, 2024 WL23147 (E.D. Va. Jan. 2, 2024), for an expansive definition and application of "pending proceeding" --one sufficiently broad to encompass the obstruction of an ICE administrative arrest warrant. *See* R:117 at 27 (denying motions for judgment of acquittal and for new trial); *see also* R:97 at 4-5 (Decision and Order explaining rulings on jury instructions).

*United States v. Hernandez*, No. 3:23cr122 (RCY), 2024 U.S. Dist. LEXIS 649, was reversed by the United States Court of Appeals for the Fourth Circuit on April 16, 2026. *United States v. Hernandez*, No. 24-4665, slip op., 2026 WL 1028348 (4th Cir. Apr. 16, 2026).[1] The Fourth Circuit held that obstructing an ICE arrest warrant (the same conduct charged in this case) does not constitute a violation of 18 U.S.C. § 1505. *Id.*

Accordingly, this Court should reconsider its Decision and Order (R:117), reverse its prior determination, and enter a judgment of acquittal pursuant to FED. R. CRIM. P. 29.[2]

## II.

## LEGAL STANDARD

Although the Federal Rules of Criminal Procedure contain no explicit provision for a motion for reconsideration, "The Justices [of the Supreme Court] have concluded that motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010). Reconsideration in a criminal case is appropriate "to correct manifest errors of law or fact, present newly discovered evidence, or to address an intervening and substantial change in the controlling law occurring after the submission of the issues to the court. *See Cosgrove v. Bartolotta*, 150 F.3d 729, 732 (7th Cir.1988); *Publishers Resource, Inc. v. WalkerDavis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir.1985) (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561

---

[1] The decision was 2-1 with Judge Wilkinson in dissent. 2026 WL 1028348 *8.

[2] Alternatively, on similar grounds, the Court should order a new trial on Count Two in the interests of justice, pursuant to FED. R. CRIM. P. 33(a), (b)(2). To the extent necessary, Hannah Dugan relies herein, and incorporates again, all of the arguments for acquittal or a new trial previously raised.

F.Supp. 656, 665–666 (N.D.Ill.1982), *aff'd and adopted in relevant part,* 736 F.2d 388, 393 (7th Cir.1984)).” *United States v. Linder*, No. 12 CR 22, 2013 WL 505214, at *2 (N.D. Ill. Feb. 12, 2013); *see also United States ex rel. Patzer v. Sikorsky Aircraft Corp.,* 722 F. Supp. 3d 872, 874 (E.D. Wis. 2024) (evaluating government motion for reconsideration).

## III.

## PRIOR RELIANCE ON UNITED STATES v. HERNANDEZ DISTRICT COURT DECISION

At the government's urging, *see* R:75, this Court repeatedly relied upon the district court decision in *United States v. Hernandez*, No. 3:23cr122 (RCY), 2024 U.S. Dist. LEXIS 649, 2024 WL23147, to broadly define “pending proceeding” for purposes of a violation of 18 U.S.C. § 1505; specifically to encompass obstruction of the execution of an ICE arrest warrant as within the purview of the statute. *See* R:117 at 27 (denying motions for judgment of acquittal and for new trial); *see also* R:97 at 4-5 (Decision and Order explaining rulings on jury instructions). As this Court bluntly stated, “I found United States v. Hernandez, No. 3:23cr122 (RCY), 2024 U.S. Dist. LEXIS 649, at *7(E.D. Va. Jan. 2, 2024) (citing Rice v. United States, 356 F.2d 709, 712 (8th Cir. 1966)), persuasive.” (R. 97 at 5.) *See also* Court's Instructions to Jury, R:106, Tr. 903 (defining “pending proceeding” as “any process taking place in the manner and form prescribed for conducting business by or before a department or government agency, including all steps and stages in such an action from its inception to its conclusion.”).

3

Moreover, to bolster this position, again at the government's urging (R:68 at 14; R: 113 at 31-23), this Court distinguished attempts by the Defense to link limitations by the Supreme Court on other obstruction statutes to the language of 18 U.S.C. § 1505. *See* R:117 at 25-30; R:97 at 5. Specifically, this Court rejected reliance on *Fischer v. United States*, 603 U.S. 480 (2024) (narrowing definition of obstruction under 18 U.S.C. § 1512); *Marinello v. United States*, 584 U.S. 1 (2018) (narrowing definition of obstruction under 26 U.S.C. § 7612), and *United States v. Aguilar*, 515 U.S. 593 (1995) (narrowing definition of obstruction under 18 U.S.C. § 1503), as supporting a similarly narrow interpretation of "pending proceeding" under § 1505. *See* R:117 at 25-26.

## IV.

### THE FOURTH CIRCUIT DECISION REVERSING HERNANDEZ

On April 16, 2026, the Fourth Circuit reversed the district court determination. *United States v. Hernandez*, No. 24-4665, 2026 WL 1028348. Besides reversing the conviction for obstruction of an ICE arrest under 18 U.S.C. § 1505, the appellate court made the following additional determinations directly applicable to this case.

**A. Enforcement Proceedings are not "Pending Proceedings."**

The issue in *Hernandez* was whether the obstruction of the execution of an ICE arrest warrant of removal, an I-205 document, was obstruction of a "pending proceeding." The appellate court held it was not. 2026 WL 1028348, at *2–3. As a fundamental matter, the court held that enforcement proceedings are not pending proceedings as that term is used in 18 U.S.C. § 1505.

4

Though the district court did not consider this argument, we hold that ICE enforcement proceedings are not "pending proceeding[s] ... being had before" ICE under § 1505. While other circuits have recognized the breadth of § 1505, those same circuits do not deem the power to be unlimited. For example, in *United States v. Leo*, 941 F.2d 181, 199 (3d Cir. 1991) (citing *United States v. Browning, Inc.*, 572 F.2d 720, 724 (10th Cir. 1978)), on which the Government relies, the Third Circuit recognized that the term " 'proceeding' " is " 'more inclusive' " and " 'no longer limits itself to formal activities in a court of law.' " As a result, the court noted that an agency's " 'investigation or search for the true facts' " qualifies as a " 'proceeding' " under § 1505. *Id.* (quoting *Browning*, 572 F.2d at 724).

That makes sense: factual investigations generally enable the adjudicative process. And the recognition that "proceedings" encompass "investigations" bears out in the plain definition of "administrative proceeding" as "[a] hearing, inquiry, investigation, or trial before an administrative agency, usu[ally] adjudicatory in nature but sometimes quasi-legislative." *Administrative Proceeding*, Black's Law Dictionary (12th ed. 2024). Notably absent from these definitions, however, is isolated enforcement action.

*Id.* at *6–7.

### B. The Execution of an ICE Arrest Warrant is Not a Proceeding.

The Court further held that regardless of ICE's broader powers, the execution of a removal warrant is "mere police" activity that has long been excluded from the definition of a proceeding under 18 U.S.C. § 1505. *Id.* at *5 ("And ICE's actions in this case mirror traditional law enforcement activity.") The Court rejected an argument, one the government repeatedly made here, that the execution of the warrant was a part of the overall removal proceedings or a "step" toward effectuating the purpose of those proceedings:

The Government argues that ICE's enforcement of a warrant of a removal constitutes a "proceeding," rather than "mere police investigation," because ICE has the power to take oaths and issue subpoenas. [Untited States v. Kelly, 36 F.3d 1118, 1127 (D.C. Cir. 1994)]. We are not convinced. An agency's engagement with the facts—whether it involves an agency's "investigation or search for the true facts" or its application of law to facts—falls within the plain meaning of the term "proceeding" in § 1505. *Leo*, 941 F.2d at 199

(citations omitted). But an agency's possession of these powers does not turn any action by that agency into a "proceeding."

*Id.* at *6–7.

### C.  Supreme Court Restrictions from Other Obstruction Statutes Apply.

As in this case, the government in *Hernandez* attempted to distinguish the applicability of Supreme Court case law limiting the reach of other obstruction statutes.  The Fourth Circuit found otherwise.

> Finally, contrary to the Government's argument, the mere use of "any" in § 1505 does not permit us to hold that it applies to essentially *any* agency action. Indeed, the Supreme Court has repeatedly rejected arguments that permit such broad readings. *See Fischer*, 603 U.S. at 496, 144 S.Ct. 2176 (declining to adopt the Government's "catchall" approach to a statutory provision); *Marinello v. United States*, 584 U.S. 1, 8, 138 S.Ct. 1101, 200 L.Ed.2d 356 (2018) (rejecting interpretation of statute that would create an overly broad "catchall" provision). This is in part motivated by the lenity we accord to federal criminal statutes. *See United States v. Aguilar*, 515 U.S. 593, 600, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995) ("We have traditionally exercised restraint in assessing the reach of a federal criminal statute.").

> *Id.* at *6.

### D.  The Matter Was One of First Impression for the Appellate Courts.

The Fourth Circuit held that no prior circuit court had determined the issue at hand.

> This is a matter of first impression: no Circuit has determined whether § 1505 encompasses immigration removal proceedings. And our caselaw provides limited guidance regarding how to read "proceeding" in § 1505. We have recognized the breadth of § 1505. *See, e.g., United States v. Mitchell*, 877 F.2d 294, 300 (4th Cir. 1989). But we have not applied § 1505 to an individual's obstruction of an enforcement proceeding.

*Id.* at *3.

## V.

## DISCUSSION

This Court repeatedly relied upon a district court decision that has now been reversed. In a case of first impression, the Fourth Circuit has held that 18 U.S.C. § 1505 does not apply to a charge of obstructing the execution of an ICE warrant.

The Indictment in this case charged that 18 U.S.C. § 1505 was violated through obstructing the execution of an ICE administrative arrest warrant. R:6 at 2. This Court instructed the jury in a manner that permitted conviction under § 1505 solely for obstruction of the execution of an ICE warrant. R:106, Tr. 903. The government argued to the jury that obstruction of the ICE warrant alone was sufficient for guilt. *Id.* at 887. The Court in denying post-verdict motions held that the obstruction of an ICE warrant was obstruction of an ICE proceeding. R:117 at 10. The proof at trial was that the only "proceeding" taking place was the execution of the ICE warrant for enforcement of removal. *See* R:117 at 5, 10-13. There was no ongoing and separate factual investigation undertaken, as that term was distinguished in *Hernandez*. 2026 WL 1028348. *6-7.

Moreover, as the lone appellate court to consider this issue, the Fourth Circuit relied upon *Fischer v. United States*, 603 U.S. 480 (narrowing definition of obstruction under 18 U.S.C. § 1512), *Marinello v. United States*, 584 U.S. 1 (narrowing definition of obstruction under 26 U.S.C. § 7612), and *United States v. Aguilar*, 515 U.S. 593 (narrowing definition of

obstruction under 18 U.S.C. § 1503), all supporting a similarly narrow interpretation of "pending proceeding" under § 1505. This Court previously held that those three cases did not support a similarly narrow interpretation of § 1505. *See* R:117 at 25-26.

In short, the factual and legal record in this case cannot be squared with the Fourth Circuit holding.

## VI.

## CONCLUSION

Based on the Fourth Circuit Court of Appeals case issued last week in *United States v. Hernandez,* and all of the Hannah Dugan earlier arguments, this Court should reconsider its substantial prior reliance on a now-overturned district court case and the legal principles set forth therein. In addition, this Court should follow the holding of the Fourth Circuit Court and find that obstruction of an ICE arrest warrant is not obstruction of a "pending proceeding" under § 1505. The Court should then enter a judgment of acquittal under FED. R. CRIM. P. 29.[3]

Dated this 21st day of April, 2026.

Respectfully submitted,

HANNAH C. DUGAN, *Defendant*

*s/ Steven M. Biskupic*
Steven M. Biskupic
 Wisconsin Bar No. 1018217

---

[3] Alternatively, for similar reasons, the Court should order a new trial on Count Two in the interests of justice, pursuant to FED. R. CRIM. P. 33(a), (b)(2).

STEVEN BISKUPIC LAW OFFICE, LLC
P.O. Box 456
Thiensville, Wisconsin 53092
bisklaw@outlook.com

*s/ Jason D. Luczak, Nicole M. Masnica*
Jason D. Luczak
  Wisconsin Bar No.  1070883
Nicole M. Masnica
  Wisconsin Bar No. 1079819

GIMBEL, REILLY, GUERIN & BROWN LLP
330 East Kilbourn Avenue, Suite 1170
Milwaukee, Wisconsin 53202
(414) 271-1440
jluczak@grgblaw.com
nmasnica@grgblaw.com

*s/ Dean A. Strang*
R. Rick Resch
  Wisconsin Bar No. 1117722
Dean A. Strang
  Wisconsin Bar No. 1009868

STRANGBRADLEY, LLC
613 Williamson Street, Suite 204
Madison, Wisconsin 53703
(608) 535-1550
rick@strangbradley.com
dean@strangbradley.com

9