UNITED STATES OF AMERICA,

Plaintiff,

v.                                                          Case No. 25-CR-89 (LA)

HANNAH C. DUGAN,

Defendant.

## RESPONSE TO MOTION FOR RECONSIDERATION

On April 6, 2026, the Court issued a comprehensive decision and order denying defendant Hannah C. Dugan's motions for a judgment of acquittal or a new trial. *See* Dkt. 117. The defendant now asks this Court to reconsider its denial of her post-trial motions based on the Fourth Circuit's 2-1 decision in *United States v. Hernandez*, __ F.4th __, 2026 WL 1028348 (4th Cir. Apr. 16, 2026). However, *Hernandez* is neither binding nor persuasive, and it does nothing to call into question this Court's reasoning. Accordingly, the Court should deny the defendant's latest motion and proceed to sentencing.

### DISCUSSION

Although this Court may entertain a motion to reconsider, relief generally is reserved for situations involving "an intervening and substantial change in the controlling law," *United States v. Linder*, 2013 WL 505214, *2 (N.D. Ill. Feb. 12, 2013), as opposed to a legal development in another circuit that is merely *relevant*. In any event, "the party moving for reconsideration has a heavy burden," *Caisse Nationale de Credit v.*

*CBI Indus.*, 90 F.3d 1264, 1270 (7th Cir. 1996), and the defendant fails to carry that burden here.

The majority in *Hernandez* held, over a strong dissent, that ICE's execution of a warrant of removal after an Executive Office of Immigration Review final order had already been issued did not constitute obstruction of a "proceeding" for purposes of Section 1505.

Although the defendant describes *Hernandez* as a case of "first impression" (Dkt. 120, p. 7), this obscures the fact that courts have been asked many times to construe the scope of "proceeding" in Section 1505. They are not now writing on a blank slate. As this Court recognized in ruling on the defendant's post-trial motions, there is a substantial body of law giving the term a broad rather than a narrow construction. These precedents include the leading case of *Rice v. United States*, 356 F.2d 709, 712 (8th Cir. 1966), decided by the Eighth Circuit sixty years ago, and *United States v. Senffner*, 280 F.3d 755, 761 (7th Cir. 2002), decided more recently by our own circuit. *See also United States v. Leo,* 941 F.2d 181, 199 (3d Cir. 1991) ("[g]iven the broad meaning of the word 'proceeding' . . ."); *United States v. Rainey*, 757 F.3d 234, 245 (5th Cir. 2014) (Section 1505 "should be broadly construed"); *United States v. Fruchtman*, 421 F.2d 1019, 1021 (6th Cir. 1970) ("'proceeding' is a term of broad scope"); *United States v. Vixie*, 532 F.2d 1277, 1278 (9th Cir. 1976) (an "administrative investigation is a 'proceeding' within the meaning" of § 1505); *United States v. Browning, Inc.*, 572 F.2d 720, 723 (10th Cir. 1978) (the term "proceeding" in § 1505 is "broad"); *United States v. Schwartz*, 924 F.2d 410, 423 (2d Cir. 1991) (the "term 'any

2

proceeding' as used in § 1505 has been defined broadly").[1] In fashioning jury instructions and later when ruling on post-trial motions, this Court gave appropriate weight to these precedents.[2] The *Hernandez* majority—seeking to place ICE enforcement actions beyond the scope of "proceeding"—did not. In the universe of Section 1505 cases, the *Hernandez* majority opinion is an outlier because it construes "proceeding" narrowly.

This Court found the *district court* opinion in *Hernandez*, which applied *Rice*, "persuasive." Dkt. 117 (p. 27). Indeed, the opinion remains persuasive, for the reasons noted by the government in its previous briefing. Dkt. 113 (p. 36). There was—and is— nothing noteworthy about the government "urging" this Court to follow the reasoning of the district court in *Hernandez*. Dkt. 120 (pp. 3-4). The district court's opinion was well-reasoned, followed precedent, and was simply one of many cases that exposed the flaws in Dugan's arguments. To the extent that it matters, however, this Court acknowledged that *Hernandez* had been appealed and that the Fourth Circuit had heard oral arguments in January 2026. Dkt. 117 (p. 27). In addition, contrary to the defendant's suggestion in her motion for reconsideration, the Court did not make the district court's opinion in *Hernandez* the linchpin of its analysis. Rather, the Court simply focused on the consistency between the jury instructions it had given and the Seventh Circuit's observation in

---

[1] As this Court noted in its order denying defendant's post-trial motions, none of these cases involved ICE arrests, but "this simply reflects the fact that the statute applies to many different agency proceedings; it is no reason to disregard the manner in which these courts have construed the key term." Dkt. 117 (p. 30).

[2] In fact, the Court's instruction defining "pending proceeding" was nearly identical to the definition provided by the Eighth Circuit in *Rice. Compare Rice*, 356 F.2d at 712, *with* Court's Instruction to Jury, Dkt. 94 (p. 22).

3

*Senffner* that "'proceeding' is defined 'rather broadly' for the purposes of §1505." *Id.* That consistency—with binding precedent—is far more important than the outcome in any Fourth Circuit appeal.

It is also telling that the defendant did not address, let alone cite, *Senffner* in her motion for reconsideration. Although the defendant contends that "pending proceedings" do not include agency enforcement actions, the Seventh Circuit has held otherwise. *See Senffner*, 280 F.3d at 760-61 (holding that by obstructing the recovery of funds subject to a temporary restraining order, the defendant "obstructed the district court, and, as a consequence, the SEC's initial investigation and *enforcement* of securities law violations (an SEC proceeding), which sought the return of the funds") (emphasis added); *see also United States v. Hopper*, 177 F.3d 824, 830-31 (9th Cir. 1999) (concluding that the "*enforcement* of tax liens by the IRS is an IRS *proceeding*" as that term is used in Section 1505) (emphasis added).

Not only is the legal reasoning of the majority opinion in *Hernandez* inconsistent with Seventh Circuit precedent, the facts to which the Fourth Circuit applied the term "any proceeding" are distinguishable from those present here. In *Hernandez,* the defendant was encountered at the border in 2016. *See* 2026 WL 1028348 at *1. He made an asylum claim and was released on bond. *Id.* When he did not appear as ordered in December 2019, the Executive Office for Immigration Review, a DOJ agency, issued an order of removal *in absentia*. He remained a fugitive until 2023, when he was arrested on state charges in Virginia. *Id.* In May 2023, upon his release from state custody, he was taken into ICE custody pursuant to a DHS Warrant of Removal (I-205). In July 2023, a few

4

days before his planned deportation, he escaped. The district court found that his escape obstructed a pending proceeding. *Id.* at *2. On appeal, the majority ultimately concluded that ICE's isolated execution of a decision already issued by a different federal agency did not constitute a pending "proceeding" before ICE for purposes of Section 1505. *Id.* at *6-7.

In contrast, Dugan's obstructive conduct occurred much earlier in the proceedings, all of which were pending before ICE. She intervened before Eduardo Flores-Ruiz's order of removal was reinstated and before a Warrant of Removal (I-205) was issued by ICE – not after as in *Hernandez*. As the trial testimony established (and Exhibit 47 demonstrated),[3] the steps in ICE's removal process generally were the following:

1. Check databases
2. Identity target
3. Confirm immigration status
4. Determine criminal history
5. Prepare arrest operation plan (e.g., FOW)
6. Draft and submit arrest warrant (e.g., Form I-200, Arrest Warrant)
7. Authorized Immigration Officer determines whether probable cause exists and, if so, signs Arrest Warrant (Form I-200)
8. Arrest target
9. Serve and sign Form I-200 Certificate of Service
10. Complete and serve charging document (e.g., Form I-871, Notice of Intent/Decision to Reinstate Prior Removal Order)
    a. Contest prior removal? (Supervisor or OPLA adjudicates)
    b. Asylum claim? (Refer to USCIS for adjudication)
    c. 8 U.S.C. § 1326 eligible? (Refer to USAO for prosecution)
11. Decision, Order, and Certification Reinstating Prior Removal Order by Authorized Deciding Official (Form I-871)
12. Authorized Immigration Officer signs Warrant of Removal (Form I-205)
13. Fingerprinting, verification, and removal

---

[3] A copy of Exhibit 47, which was covered during the testimony of ICE witnesses (*see* Tr. 210-23, 525-27), accompanies this response.

5

Dugan intervened between steps 7 and 8 in this process. In contrast, the defendant in *Hernandez* escaped after step 12 – after the Warrant of Removal had been signed and all that was left was fingerprinting, verifying details, and the physical removal. In other words, to the extent the *Hernandez* majority determined that the conduct at issue occurred after the proceedings had concluded, that was not the case at the time Dugan sought to prevent the arrest of Flores-Ruiz.

In addition, the majority in *Hernandez* distinguished other cases in which an agency's actions served multiple purposes. *Id.* at *6 (noting *Hernandez* involved an isolated enforcement action, as opposed to *Senffner* and *Hopper*, in which the agencies' enforcement actions also "facilitated an existing proceeding: the agency's effort to determine if individuals had violated federal law").

Here, ICE had such a secondary purpose. They not only were seeking to execute an arrest warrant as in *Hernandez*, but they were also investigating whether Flores-Ruiz should be referred to the U.S. Attorney's Office for criminal prosecution under 8 U.S.C. § 1326, a violation of law ICE is charged with investigating. As this Court knows, there was a subsequent referral, criminal prosecution, and adjudication of Flores-Ruiz. *See* Tr. 213-14, 526-27. His proceedings before ICE were active and pending between April and November of 2025. *See* Tr. 223. As such, the facts of this case are not remotely comparable to those at issue in *Hernandez.*

In short, the majority opinion in *Hernandez* is neither binding nor persuasive. Admittedly, the opinion has broken new ground, but it has done so by marginalizing precedent (including Seventh Circuit precedent) and ignoring the ordinary meaning of

6

the words in Section 1505 to exclude ICE enforcement efforts from the scope of "proceeding." *Hernandez*, 2026 WL 1028348, ** 8-13 (Wilkinson, J., dissenting). This Court should not change course, at this late hour, to follow the *Hernandez* majority. Rather, it should "stay true" to precedent and "remain in th[e] plentiful company" of courts that have consistently given "proceeding" a broad interpretation. *Id.* at * 9.

**CONCLUSION**

The Court properly denied Dugan's motions for a judgment of acquittal and new trial, and her motion for reconsideration does nothing to undermine the Court's sound reasoning. The Court should deny the motion and proceed to sentencing on June 3, 2026.

Respectfully submitted on May 6, 2026.

/s/ Richard G. Frohling
Executive Assistant U. S. Attorney
State Bar No.: 1021952
Email: richard.frohling@usdoj.gov

/s/ Keith Alexander
Criminal Division Chief
State Bar No.: 1053000
Email: keith.alexander@usdoj.gov

/s/ Kelly B. Watzka
Deputy Criminal Division Chief
State Bar No.: 1023186
Email: kelly.watzka@usdoj.gov

/s/ Jonathan H. Koenig
Appellate Chief
State Bar No.: 1045517
Email: jonathan.h.koenig@usdoj.gov

Attorneys for Plaintiff
Office of the United States Attorney
517 East Wisconsin Avenue, Rm. 530

7

Milwaukee, Wisconsin 53202
Telephone: (414) 297-1700
Fax: (414) 297-1738

8